**200 P.2d 1021**

**SCHOEN v. SCHROEDER.**

**No. 5111.**

Supreme Court of New Mexico.

Nov. 8, 1948.

Rehearing Denied Jan. 6, 1949.

Rodey, Dickason & Sloan and Frank M. Mims, all of Albuquerque, for appellant.

Hugh R. Horne, of Albuquerque, for appellee.

McGHEE, Justice.

Automobiles being driven by the parties to this action collided at the northwest corner of the intersection of South Hermosa Street and Ventura Avenue in the City of Albuquerque, for which the plaintiff-appellee was awarded damages in the sum of $180. We will refer to the parties as they appeared in the trial court.

The defendant denied negligence on his part, pleaded contributory negligence on the part of the plaintiff and counterclaimed for damage to his car.

Hermosa Street runs north and south and Ventura Avenue runs east and west. Hermosa Street is 36 feet wide at the intersection and is paved. Ventura Avenue is 32 feet wide and is unpaved.

The case was tried to the court without a jury and the following findings of fact and conclusions of law were made:

"Findings of Fact.

"I. That the plaintiff, Albert F. Schoen, on April 3, 1947, was driving his 1941 Studebaker Coach automobile in a westerly direction along Ventura Avenue, Albuquerque, New Mexico, and while so doing entered the intersection of said Ventura Avenue and South Hermosa Avenue, and had driven said vehicle into and past the center of said intersection when the defendant, Louis J. Schroeder, drove defendant's vehicle against the right door of plaintiff's car, said door being located at approximately the center of said right side. After the plaintiff's car was in the west side of the intersection defendant's car struck the plaintiff's car about in the middle of plaintiff's car, on the right hand side. The collision occurred on the north side of Ventura Avenue and on the west side of Hermosa Avenue, when the front end of plaintiff's car was within two to four feet of the west side of Hermosa Avenue and the intersection.

"II. That defendant failed to use reasonable diligence in stopping at the intersection so as to allow plaintiff to finish his crossing, which he was well into before the defendant entered the intersection, and defendant negligently failed to turn his car a few feet to the left so as to avoid the collision with plaintiff's car.

"III. That at said time the defendant was operating the defendant's vehicle in a southerly direction on South Hermosa Avenue, Albuquerque, New Mexico, entered the intersection of said South Hermosa Avenue and Ventura Avenue after the plaintiff had entered said intersection and drove his vehicle into plaintiff's vehicle as stated in the next preceding finding.

"IV. That the defendant, Schroeder, prior to driving his vehicle into the right door of plaintiff's vehicle had not maintained a proper lookout so that he could have seen the plaintiff enter the intersection of Ventura Avenue and South Hermosa prior to defendant entering the same.

"V. That the defendant Schroeder at the time he approached the intersection of Ventura Avenue and South Hermosa Avenue failed to have his vehicle under such control that he could stop his vehicle before hitting plaintiff's vehicle or to otherwise avoid a collision with plaintiff's vehicle.

"VI. That the defendant at the time he approached the intersection of Ventura Avenue and South Hermosa Avenue was operating his vehicle at such a speed that he was unable to stop said vehicle before colliding with plaintiff's vehicle.

"VII. That the plaintiff suffered damages in the amount of $180.00.

"Conclusions of Law.

"I. That the plaintiff was operating his vehicle in a prudent and careful manner free of any negligence.

"II. That plaintiff, because of entering the intersection prior to defendant, had the right-of-way at the time and place alleged in the complaint.

"III. That defendant was guilty of negligence in the premises in the following respects:

"(a) He failed to yield to plaintiff the right-of-way at the intersection.

"(b) He failed to maintain a proper lookout at the time he entered the intersection.

"(c) He failed to have his vehicle under proper control.

"(d) He operated said vehicle at an excessive rate of speed.

"IV. That the plaintiff should have judgment against the defendant in the amount of $180.00 and the costs of this action, and the defendant is entitled to recover nothing upon his counterclaim.

"To all of which both the plaintiff and defendant except."

The defendant admits that there is substantial evidence to sustain the finding that he was negligent, but strenuously urges that the evidence shows that the plaintiff was guilty of contributory negligence so as to bar a recovery.

While the defendant cites numerous authorities in support of his claim that he had the right of way, as he was approaching from the right, he really plants his feet upon Sec. 68-518(a), 1941 Comp. which provides that when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. The plaintiff does not dispute the rule, but urges that under the evidence in this case the findings and conclusions of the trial court that the collision was caused by the negligence of the defendant and that the plaintiff was not guilty of contributory negligence should be sustained, although he did not see the defendant's car when he looked to the right before entering the intersection.

These intersection collisions present many difficult questions for the fact trier and will ordinarily be left to his judgment, as stated in Williams v. Haas, 52 N.M. 9, 189 P.2d 632. However, as was also said in that case where the evidence shows that the plaintiff was in fact guilty of contributory negligence we will so declare.

■ The case of Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214, 218, cited by the appellant, is quite similar to the case at bar. There the defendant was approaching from the right and had the right of way, but the plaintiff's car was well within the intersection before the defendant entered. We there said:

"We do not overlook the important fact that the car of defendant was at the time proceeding in the favored direction. But the right of way of one proceeding in the favored direction is not absolute."

"This right of way has been said to be a rule of doubt under balanced conditions. The person having the right of way is nevertheless enjoined to exercise all reasonable care and maintain proper look-out, to remain alert and with his car under control."

The case of Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316, cited by appellant does not afford him any relief. In that case the plaintiff saw the defendant entering the intersection 200 feet ahead of her but instead of lessening her speed and allowing McNally to cross ahead of her she asserted her "rights" under the right of way rule, and continued on her way, striking the car of the defendant. Recovery was denied and we there quoted approvingly from cases saying that the right of way at street intersections was a relative right only, and does not excuse one who has the right of way from using due care to prevent a collision.

■ In view of the findings of fact made by the trial court and the facts of this case shown in the record, we are not prepared to say as a matter of law that the plaintiff was guilty of contributory negligence so as to bar a recovery on his part from the mere fact that he drove into the intersection from the left when the defendant was traveling down the street at some undisclosed point on his right, although the plaintiff did not see the defendant's car when he looked in his direction before entering the intersection.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.