230 P.2d 974

**COOPER v. BRENNEMAN et ux.**

No. 5384.

Supreme Court of New Mexico.

April 27, 1951.

Frazier, Quantius & Cusack, Roswell, for appellants.

Paul Snead, Roswell, for appellee.

McGHEE, Justice.

Automobiles being driven by the plaintiff Cooper and the defendant I. O. Brenneman collided in the intersection of Fifth Street and Kentucky Avenue in Roswell, New Mexico, shortly after ten p. m. on January 9, 1950. The defendant Mrs. I. O. Brenneman was riding in the car with her husband. Both cars were damaged and each of the defendants sustained personal injuries. The plaintiff was awarded $222.30 for damages to his car and the cross-complaint of the defendants for damages to their car and their personal injuries was denied by the trial court. The trial court made the following findings of fact:

"I. That on the 9th day of January 1950, the defendant drove and operated his automobile in a southerly direction into

the intersection of Kentucky and Fifth Streets in the City of Roswell, New Mexico, in a negligent and careless manner, colliding in the said intersection with the automobile of the Plaintiff, then being driven in an easterly direction into the said intersection.

"II. That the two vehicles approached the intersection simultaneously.

"III. That at the time of the collision and immediately prior thereto the defendant was operating his motor vehicle in a reckless, dangerous and uncontrolled manner, in that he was driving at an unsafe rate of speed, changed the course of his travel from a southerly to a southeasterly direction prior to arriving at the center of the street intersection, drove his car at an angle in front of plaintiff's vehicle, and failed to apply his brakes.

"IV. That the position of and the distance traveled by defendant's vehicle after the impact, was due primarily to the speed and lack of control of defendant's car.

"V. That the collision occurred as a direct and proximate result of the negligence of the defendant.

"VI. That the Plaintiff's automobile was damaged in the sum of $222.30 by reason of the said collision, no part of which has been paid to the Plaintiff, and by reason thereof the Plaintiff is entitled to judgment against the Defendant in the sum of $222.30."

It then concluded the plaintiff was entitled to the damage sustained by him, his costs and that the cross-complaint should be dismissed. Judgment was then entered for the plaintiff in accordance with the findings, and this appeal followed.

The sole questions raised by the appeal are the sufficiency of the evidence to sustain the findings, and the contention that the evidence conclusively shows the plaintiff was guilty of contributory negligence.

We have carefully examined the record and cannot escape the conclusion that there is substantial evidence to sustain the findings of the trial court. This determination disposes of both points. It is not enough that if we were passing on the cold record we might have reached a different result. The question for us is whether there is substantial evidence to support the findings.

As stated in Schoen v. Schroeder, 53 N.M. 1, 200 P.2d 1021, these intersection cases often present difficult questions, but, as there stated, they must be largely left to the fact finder who sees and hears the witnesses. No useful purpose could be served by a recital of the evidence in the case.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.