265 P.2d 676

**McDONALD v. LINICK et al.**
**No. 5699.**

Supreme Court of New Mexico.

Jan. 7, 1954.

Smith & Smith, Clovis, for appellants.

Rowley, Breen & Bowen, Tucumcari, for appellee.

LUJAN, Justice.

This is an appeal by the defendants from a judgment in favor of the plaintiffs in an action for damages growing out of a collision between two automobiles.

The plaintiff's agent, W. G. McDonald, was driving a 1950 Chrysler sedan in a southeasterly direction on a detour from U. S. Highway 66, which is located ap-

proximately 13 miles east from Tucumcari, New Mexico, and according to his evidence he was driving at the rate of 40 to 45 miles per hour and well on his right-hand side of the road at the time of the collision. The car, a 1951 Studebaker, driven by the defendant, James David Linick, was proceeding northwesterly towards Tucumcari. The collision occurred on May 31, 1951, at about 10 o'clock at night. The Studebaker car was being driven on its right side of the road prior to meeting the car driven by plaintiff's agent, but just before it reached a point opposite the car driven by plaintiff's agent, the driver of the Studebaker car drove the same to his left-hand side of the center of the road and into the plaintiff's car. The road at that place was 25 to 30 feet wide. After the impact, the plaintiff's car was stopped almost immediately and found resting entirely to its right of the center of the road. The Studebaker car proceeded on past the point of impact for a distance of from 150 to 200 feet before it stopped.

The complaint alleged, among other things:

"That the said defendant, James David Lenick, carelessly, negligently, wrecklessly and wrongfully drove and operated the aforesaid 1950 Studebaker car by driving it on the left hand side of said public highway and by carelessly failing and refusing to dim its lights for approaching traffic, all contrary to and in violation of the law of the road and the laws of the State of New Mexico; that as a direct and proximate result thereof the automobile driven by the said James David Lenick collided with the automobile belonging to the plaintiff and driven by William G. McDonald, while the said William G. McDonald was in the exercise of proper care and caution for his own safety of all others then upon said highway. * * *"

The defendants, in addition to a general denial, pleaded defensively contributory negligence and alleged by way of cross-action against the plaintiffs for damages to defendants' automobile, negligent acts of plaintiff's agent, and that the same were the proximate causes of the collision and resulting damages. The specific allegations of negligence were: (1) travelling at a high and excessive rate of speed, and (2) driving on the wrong side of the road.

At the conclusion of the trial the court made the following findings of fact:

"* * * 11. That the plaintiff's agent, William G. McDonald, was familiar with the road and the conditions of the same as to the detour, having driven on said road and detour many times prior to the collision.

"12. That immediately prior to the collision the plaintiff's agent, William

G. McDonald, was driving the plaintiff's 1950 Chrysler sedan in a southeasterly direction on his right side of the highway, and in a careful, prudent and lawful manner, and that the Defendant, James David Linick, was driving his automobile in a northeasterly direction on said detour and while so driving, the said Defendant, James David Linick, turned his automobile so that the said automobile crossed the center line of the highway into the lane of traffic being used lawfully by Plaintiff's agent, William G. McDonald.

"13. That the right front part of the Plaintiff's automobile came in contact with the right side of the automobile driven by the Defendant, James David Linick, and that at the time of the collision the Plaintiff's agent, William G. McDonald, was applying his brakes in an attempt to avoid the collision.

"14. That the conduct of the Defendant, James David Linick, in turning his vehicle into the lane of traffic being properly used by the Plaintiff's agent, William G. McDonald, constituted and was negligence, and that such negligence was the proximate cause of the collision between the vehicle driven by him and the vehicle of the Plaintiff."

We deem it unnecessary to review the evidence; suffice it to say that we have carefully examined the record and are satisfied that the findings made by the court are sustained by sufficient evidence of a substantial nature and will not be disturbed by us.

The sole assignment of error is as follows:

"The trial court erred in failing to find, as a matter of law, that plaintiff's driver was guilty of contributory negligence as a matter of law and was thereby precluded from recovering from defendants."

The defendants stress the fact that plaintiff's agent was operating his car at between 55 and 60 miles per hour prior to the time he entered the detour from U. S. Highway 66, notwithstanding cautionary signs along the highway warning motorists of said detour, and at between 40 and 45 miles per hour at the time of the collision. From these facts he concludes that plaintiff's agent was guilty of contributory negligence as a matter of law, and contends that such negligence contributed proximately to the collision from which their injuries resulted.

Chapter 3, Session Laws of 1943, provides:

"Speed.—(a) Minimum speed. No motor vehicle shall be unnecessarily driven at such slow speed as to impede

or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or when a vehicle or a combination of vehicles is necessarily or in compliance with law proceeding at reduced speed.

"(b) Maximum speed. The state highway commission may, by resolution, establish the maximum speed at which motor vehicles shall be permitted to operate upon the public highways, or upon any public highway or section thereof, and may from time to time change such maximum speed limits.

"Upon the establishment of such maximum speed limits, in the manner herein provided, such resolution shall take effect and be in force from and after the placing upon or along the highways, or any highway or section thereof, of such suitable signs as shall be provided by such resolution, designating such maximum speed limit for such highway or section thereof so posted."

It is said in Berry on Automobiles (7th Ed.), Section 2.477, that:

"One who violates the law of the road by driving on the wrong side assumes the risk of such experiment and is required to use greater care than if he had kept on the right side of the road. If collision takes place under such circumstances, the presumption is against the party who was on the wrong side."

And in Blashfield, Ency. of Automobile Law, Vol. 1, part 2, p. 725, § 787, the author says:

"Whether it is the duty of a driver on the right side of the road seeing an automobile approaching on the wrong side of the road to stop to avoid a collision cannot ordinarily be determined as a matter of law. The driver who is on the right side may assume, on the first appearance of the other vehicle, that it will change its course, and the particular point of time when he is no longer warranted in indulging such assumption is for the jury in an action for injuries resulting from a collision."

In the instant case, it was not the speed of plaintiff's car that was the proximate cause of the accident, but the position of the defendants' car on that side of the road where it did not belong. There was no danger at all, regardless of the speed of plaintiff's car, until defendant, James David Linick, suddenly turned to the left-hand side of the road. If the above defendant had been on his own side of the road, no trouble would have occurred as the road was wide enough for two cars to pass each other.

In order to bar recovery, there not only must be negligence on plaintiff's part but causal relationship as well between that negligence and the injuries complained of. Williams v. Haas, 52 N.M. 9, 189 P.2d 632. Granted, as must be, the right of plaintiff's agent to drive the car on the highway, there is no evidence whatever of any causal relationship between the mere speed at which the agent was travelling and the collision.

Before plaintiff's agent could be held guilty of contributory negligence, as a matter of law, it must conclusively appear that such negligence contributed in some way or in some degree to the accident and injuries for which he seeks relief. See, Mayfield v. Crowdus, 38 N.M. 471, 35 P.2d 291; White v. Montoya, 46 N.M. 241, 126 P.2d 471; Williams v. Haas, supra; and Schoen v. Schroeder, 53 N.M. 1, 200 P.2d 1021. Therefore, under the facts and circumstances here present, the questions of negligence of the defendant, James David Linick, and the contributory negligence of the plaintiff's agent, as well as the important question of proximate cause, were all for the court, sitting without a jury to determine in the light of all the facts, circumstances and presumptions presented by the evidence. See, Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921, and Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407.

The court did not err in refusing to find the plaintiff guilty of contributory negligence.

The judgment should be affirmed, and it is so ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.