314 P.2d 727

Alvin HOWSE, Plaintiff-Appellant,

v.

ROBERT E. McKEE CO., Employer, and Mountain States Mutual Casualty Co., Insurer, Defendants-Appellees.

No. 6225.

Supreme Court of New Mexico.

Aug. 26, 1957.

Edwin L. Felter, Santa Fe, for appellant.

Whatley & Oman, Las Cruces, for appellees.

COMPTON, Justice.

Appellant seeks compensation from his employer, Robert E. McKee Company and the insurer, Mountain States Mutual Casualty Company, under the provisions of the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., for an accidental injury allegedly arising out of and in the course of his employment. By agreement of the parties, the cause was submitted to a jury on special interrogatories. The interrogatories and answers thereto are as follows:

"No. 1

"Do you find from a preponderance of the evidence that the Plaintiff sustained an accidental injury arising out of and in the course of his employment on or about April 6, 1956, while employed by Robert E. McKee Company?

"Answer Yes or No: <u>Yes</u>

"No. 2

"If you have answered Interrogatory No. 1 'Yes', then do you find that the injury sustained by the Plaintiff while so employed resulted in disability to the Plaintiff?

"Answer Yes or No: <u>No</u>

"No. 3

"If you have answered Interrogatory No. 1 'Yes', then do you find that Plaintiff is at this time disabled as a result of the injury sustained by him April 6, 1956?

"Answer Yes or No: <u>No</u>

"No. 4

"If you have answered Interrogatory No. 1 'Yes', and if you have answered Interrogatory No. 3 'Yes', then state, in terms of percentage, the percentage which you find from the preponderance of the evidence, as compared to 100 percent, the Plaintiff's present disability bears to 100 percent.

"Answer in percentage: <u>None</u>

"No. 5

"Do you find that as a result of injury sustained by the Plaintiff while employed by the Defendant Robert E. McKee Company, in the course of his employment, the Plaintiff sustained total disability, as that term is defined in the Instructions?

"Answer Yes or No: <u>No</u>

"No. 6

"If you have found that the Plaintiff was injured in the course of his

employment by the Defendant Robert E. McKee Company, and that such injury resulted in disability, and that such disability was temporary in character, then state in terms of number of weeks the duration of such temporary disability.

"Answer: No weeks.

"No. 7

"Do you find from a preponderance of the evidence that Plaintiff is permanently disabled as a result of an accidental injury arising out of and in the course of his employment by the Defendant Robert E. McKee Company on or about April 6, 1956?

"Answer Yes or No: No"

Judgment was entered on the special findings and appellant appeals.

The appeal reaches us on two points; first, that the court erred in failing to correctly instruct the jury as to the term "permanent disability", and second, the jury having once found that appellant sustained an injury arising out of and in the course of his employment, the injury was compensable as a matter of law.

We will discuss the latter point first. Admittedly, appellant was employed by the McKee Company on April 5 and 6, 1956, and while engaged in carrying a heavy iron beam with a fellow worker, sustained an accidental injury to his back. Appellees contend, first, that the injury was not compensable. They further contend that the injury from which appellant was suffering at the time of trial did not arise out of and in the course of his employment but resulted subsequent to his original injury and from causes unrelated to his employment.

Appellant testified that he sustained the injury, the basis of his claim, on April 5, 1956. The record shows, however, that he did not contact a doctor until April 23, 1956. In the meantime, he continued very active, notwithstanding his claimed injury. He continued to work for the employer the remainder of the week and nearly all the following week without telling anyone about having been injured. Appellant was a student at State College and a member of the rodeo team. He and Tommy Perez, with whom he lived, drove appellant's automobile to San Angelo, Texas, where appellant participated in a college rodeo as a member of the New Mexico A. & M. College Team. While there he rode a bucking horse and a bucking brahma bull. While on this trip, he made no complaint of having received a back injury while working for the McKee Company. On April 21 and 22, following his return to New Mexico, he participated in a college rodeo at Las Cruces, where he rode a bucking horse which fell with him. The next day, April 23, he consulted Dr. Gandy, the college physician, who informed him he had several fractured vertabrae. He

told Dr. Gandy to give out no information about the injury without his permission.

There was other medical testimony. Dr. Maddox testified that he had never seen a fractured vertabrae result from lifting as claimed by appellant. Appellant testified there was very little jar to the back of an experienced rider when riding bucking animals. On the other hand, the witness Ruttle flatly contradicted appellant in this respect. Such was the confusing testimony the jury was called on to weigh.

As previously stated, there was no general verdict. The parties stipulated that the issues be submitted on interrogatories. Consequently, conflict between the general verdict and the special findings is not in question. Of course had there been, the special findings would be controlling, Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719; Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214. And we recognize the rule if there be a conflict or inconsistency in special findings on material issues to such an extent that they are repugnant to each other, or cannot be reconciled, they nullify each other and all must fall. Crocker v. Johnston, supra. But, we see no inconsistency in the special findings before us. The jury simply found, finding No. 1, that appellant did sustain an injury arising out of and in the course of his employment on April 5, 1956. But the latter findings are not inconsistent therewith. The subsequent findings when summarized are to the effect that the

April 5, 1956, injury caused appellant no disability at the time and that he suffered none as a result of that injury at the time of trial. The jury was warranted in concluding that the injury with which appellant was suffering at the time of trial was sustained by him subsequent to the alleged injury of April 5, 1956, and not in the course of his employment.

We now discuss briefly the remaining point relied on for a reversal of the judgment. The court gave an instruction defining "permanent disability". Appellant objected to the instruction given and tendered the following instruction, which was refused:

"You are instructed that in considering the term 'permanent', that the court instructs you that 'permanent' does not mean forever, since the law is that the continuance of a physical bodily condition, once established, will be presumed. The mere possibility of future recovery does not bar you from concluding that his injuries are permanent. A disability is permanent when in all probability it will continue indefinitely."

The refusal of the court to give the instruction is assigned as error. Assuming for the purpose of the decision the court committed error, it is perfectly obvious that appellant was not prejudiced by the instruction given or in the refusal to give the tendered instruction. The jury having once found, special finding number 2, that appel-

lant was not disabled by reason of the injury sustained by him on April 6, 1956, and that he suffered no disability therefrom at the time of the trial, finding number 3, it follows that the degree of disability is a moot question.

The judgment will be affirmed, and it is so ordered.

SADLER, McGHEE, and KIKER, JJ., and SWOPE, D. J., concur.

LUJAN, C. J., not participating.