326 P.2d 1073

**W. O. WILLIAMS, Plaintiff-Appellee,**

v.

**R. L. NEFF, Defendant-Appellant.**

No. 6378.

Supreme Court of New Mexico.

June 16, 1958.

---

1. Now 10 U.S.C. § 2667.

Hartley, Buzzard & Patton, Clovis, for appellant.

Emmett C. Hart, Tucumcari, for appellee.

COMPTON, Justice.

This is an appeal from a judgment for appellee, plaintiff below, for personal injuries and property damages sustained by him, allegedly resulting from appellant's negligent operation of an automobile. The cause was tried to the court on the issues of negligence of appellant and contributory negligence of appellee. Appellee's injuries were serious; the amount of the award therefor is not questioned. The pertinent findings read:

"(11) That the sole proximate cause of the collision of the defendant's automobile with the plaintiff's automobile

and with the plaintiff was the failure of the defendant to stop his car under the existing conditions, to observe where he was driving, and failure to have his car under proper control.

"(12) That the defendant was negligent in the operation of his car and the defendant's negligence was the sole and proximate cause of the injuries sustained by the plaintiff and damages to the plaintiff's car.

"(13) That the plaintiff was acting as a reasonable and prudent person under the circumstances and was free of contributory negligence."

While this is a borderline case on the facts, we find substantial support for the findings. The collision occurred on State Highway 86, a two-lane highway about 5 miles north of McAllister, New Mexico. The parties had been traveling the same direction. Appellee was accompanied by his wife, who was riding in the front seat with him. It was exceedingly windy and the dust was blowing. Dust was so dense at times, a driver could barely see the road ahead. For the latter reason, appellee had previously stopped to permit the dust to clear. On that occasion, when he attempted to start his automobile, he found it was disabled in some manner. He hailed a passing motorist who assisted him in starting it by pushing. After traveling a few miles, another blinding dust cloud suddenly moved in, completely obscuring

his vision. He promptly brought his automobile to a stop. When his vision cleared, he found his automobile was partly on the paved portion of the highway. When he tried to start it, the motor again failed to function. He put it in gear and used his starter in an effort to move it off the highway but was able to move it no farther than the right shoulder; the left wheels remained on the asphalt improved portion. He tried to push it off but without success. Being unable to clear the highway, he turned his lights on. Finally, thinking that possibly the batteries had recharged sufficiently to move it, he went to the driver's side to enter and as he opened the door, appellant, approaching from the rear and accompanied by one Hawkins, ran into him and his automobile, resulting in the injuries and damages alleged. Appellant did not see appellee nor his automobile prior to the collision. His version of the incident is as follows:

"Q. And what distance were you from Mr. Williams' car before you hit his car? I mean before you saw his car. A. What distance?

"Q. How far? A. I never saw him until he done hit him, I done hit him before I saw him.

"Q. And was that because of the sand? A. That certainly was.

&ast; &ast; &ast; &ast; &ast; &ast;

"Q. You really couldn't tell until you stopped and got out. A. I was

just watching the white line; if I looked up I couldn't see anything. Mr. Hawkins was watching outside of the road, and * * *

"Q. You were watching * * * A. If I looked up in the sand, you couldn't see nothing.

"Q. You were watching the middle lane? A. Yeah, that's right."

██ Appellant seriously contends that the court erred in finding that he should have stopped his automobile. We see no error in the finding. A motorist must exercise care commensurate with the situation confronting him. Silva v. Waldie, 42 N.M. 514, 82 P.2d 282; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047. If his vision becomes completely obscured, the situation certainly imposes the duty to stop. Coe v. Hough, 42 Ariz. 293, 25 P.2d 547; Trainor v. Interstate Const. Co., 187 Wash. 142, 60 P.2d 7; Townsend v. Armstrong, 220 Iowa 396, 260 N.W. 17.

██ The contention is made that appellee was negligent per se by walking onto the paved portion of the highway and by stopping his automobile upon the main traveled portion of the highway when it was practicable to stop off the highway. We think the matters were issuable; whether appellee was negligent per se, or was acting as a reasonably prudent person under the circumstances, thus freeing himself from negligence contributing to

the accident, presented questions on which reasonable men might well differ. We may assume for the moment, however, that he violated traffic regulations, but that alone did not discharge the burden resting upon appellant to prove that such negligence proximately contributed to cause the injury. Negligence, contributory negligence and causation are questions for the trier of the facts. Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585; Moss v. Acuff, 57 N.M. 572, 260 P.2d 1108; McDonald v. Linick, 58 N.M. 65, 265 P.2d 676; Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983; Howse v. Robert E. McKee Co., 63 N.M. 129, 314 P.2d 727. Also see Terry v. Bisswell, 64 N.M. 153, 326 P.2d 89.

In the latter case it was said:

" * * * The fact that the plaintiff violated a traffic regulation at the time of the accident, while not conclusive or necessarily determinative of his own contributory negligence, is a circumstance to be considered in determining whether, at the time of the accident complained of, he acted with reasonable care, so as to free himself from negligence contributing directly to the injury. The mere concurrence of the violation of a traffic regulation with an accident in point of time does not, of itself, render the violation a concurring cause of the injury." 5 Am.Jur. 741, § 409.

186

The judgment is affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and SHILLINGLAW, JJ., concur.