391 P.2d 413

**Emma BURNHAM and Charles A. Burnham, Plaintiffs-Appellants,**

**v.**

**YELLOW CHECKER CAB, INC., a corporation and Frank Gonzales, Defendants-Appellees.**

**No. 7377.**

Supreme Court of New Mexico.

April 13, 1964.

Willard F. Kitts, Albuquerque, for appellants.

Richard C. Civerolo, H. L. Cushing, Peter V. Domenici, Albuquerque, for appellees.

NOBLE, Justice.

The complaint seeking damages for personal injuries sustained by Emma Burnham, a pedestrian who was struck by defendants' taxicab, was dismissed following a jury

verdict for the defendants. Plaintiffs, husband and wife, have appealed.

Denial of plaintiffs' request to instruct on the doctrine of last clear chance is determinative of the appeal and we go directly to that question.

 This court announced in Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86, those factual matters which present the issue of last clear chance, as follows:

"* * * It must appear, (1) that plaintiff has been negligent, (2) that as a result of his negligence he is in a position of peril from which he cannot escape by the exercise of ordinary care, (3) that the defendant knows or should have known of plaintiff's peril, and (4) that defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so. * * *"

See, also, Le Doux v. Martinez, 57 N.M. 86, 254 P.2d 685; Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346; Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405; Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976; Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Bryan v. Phillips, 70 N.M. 1, 369 P.2d 37.

There is evidence that Emma Burnham parked her automobile on the west side of Fourth street, in Albuquerque, several feet to the north of its intersection with Freeman. After crossing to the east side, she started back to her car, about 7:00 p. m., January 18, 1961, crossing some distance north of the pedestrian crosswalk. The street was well lighted by Mercury Vapor lights. Before stepping from the curb, she looked to the south, seeing the lights of a car a block or block and a half away, and continued to a place near the center of the street. As she approached the center, she testified, she saw a man hurrying to a car parked on the west side just behind her own automobile, enter the car and commence backing it. A car approaching from the north in the lane nearest the center line blocked her further view of the backing car. She stopped, as she thought, between the two yellow center stripes and had not again looked to the south. She was struck by the taxicab driven by defendant Gonzales at a place 70.5 feet north of the northern intersection line and some two or three feet east of the center line between the two yellow lines. There is dispute as to exactly where she stopped but there is evidence she did not move prior to being struck.

The driver of the taxi testified he was looking ahead all the time; that his view was unobstructed, but that he did not actually see Mrs. Burnham until he applied his brakes some twenty feet or so north of the northern crosswalk. He saw the car approaching from the north but was not blinded by its lights until just as he saw Mrs. Burnham. Mrs. Holler, driving the car from the north, and her passenger,

saw Mrs. Burnham crossing the street; she stopped her car some ten or twelve feet to the north of where Mrs. Burnham stood. There is dispute in the evidence as to whether the Holler automobile had its bright lights on.

The parties agree that Mrs. Burnham's failure to cross the street within the statutory crosswalk was negligence per se. The jury was so instructed. But, last clear chance, if applicable, would relieve her of the effect of her own negligence. Defendants argue, however, that she is not entitled to the protection of that doctrine because (1) she was not in an inextricable position, and (2) her negligence continued up to the moment of the injury.

Defendants strongly urge upon us that plaintiff could have avoided the injury by stepping forward one or two steps to a position of safety between the two center line stripes. They say, further, that the evidence is uncontradicted that Mrs. Burnham saw the lights of defendant's taxicab when it was a block or a block and a half away but, nevertheless, walked across the street and stopped without again looking to the south. This, it is argued, constituted continuing negligence to the moment of injury as a matter of law, and prevents application of the last clear chance doctrine.

■ The inextricable position requirement to invoke last clear chance is not limited to situations of physical inability to extricate one's self from the perilous position, but is satisfied if plaintiff is unable to extricate herself because she is wholly unaware of it if the defendant actually sees her perilous situation and could have avoided the injury by exercise of ordinary care. Merrill v. Stringer, supra; Bryan v. Phillips, supra; Thayer v. Denver & R. G. R. R., 21 N.M. 330, 154 P. 691. Thus, last clear chance may be invoked (1) if plaintiff could not physically extricate herself by the exercise of ordinary care while defendant knew or should have known of the danger, and having a clear chance to avoid injury by the exercise of ordinary care, failed to do so; or (2) if plaintiff's negligence continued to the moment of injury or she could not extricate herself from the perilous situation because completely unaware of it when defendant actually saw and appreciated plaintiff's danger and had a clear chance to avoid injury but failed to do so.

■ Additionally, defendants assert that there is no evidence that the taxi driver did actually see Mrs. Burnham in time to have avoided the accident. That assertion rests largely upon defendant's own testimony. On the other hand, both the driver and passenger of the Holler car saw Mrs. Burnham crossing the street in time to stop the Holler car before reaching Mrs. Burnham. The street was sufficiently lighted to allow a newspaper to be read at the place of the accident. Gonzales testified he was not

blinded by lights until just as he applied his brakes. Upon such facts, and the reasonable inferences flowing therefrom, the jury is not bound by defendants' denial. Merrill v. Stringer, supra.

[redacted] In applying the yardstick of the factual requirements to invoke last clear chance, we must be mindful that a party is entitled to an instruction on his theory of his case upon which there is evidence. Lucero v. Torres, supra; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699. Furthermore, the facts, together with the inferences reasonably flowing therefrom, must be viewed in the light most favorable to the plaintiff. If reasonable minds may differ as to the facts, the court erred; otherwise the doctrine was properly withdrawn from the jury. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531; Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703; Bryan v. Phillips, supra.

[redacted] Appellants place great reliance on our holding in Bryan v. Phillips, supra. An examination of that case does not indicate any intention on the part of the court to change the rules as announced in Floeck v. Hoover, supra, and in Merrill v. Stringer, supra, but on the contrary, involved only an application of the rules announced in those two cases to the facts there present. As we view the facts of the instant case, they are very like the fact situation in Merrill v. Stringer, supra, and the doctrine as there announced should have been followed by the trial court and the requested instruction given. It was error not to do so and requires a reversal.

[redacted]

In view of what has been said, other questions presented and argued need not be discussed. The judgment appealed from must be reversed and the cause remanded with instructions to grant plaintiffs a new trial and proceed further in a manner not inconsistent with this opinion. It is so ordered.

CHAVEZ and MOISE, JJ., concur.