446 P.2d 214

**Eduardo G. MONTOYA, Plaintiff-Appellant,**

v.

**Charles N. WILLIAMSON, Defendant-Appellee.**

**No. 8597.**

Supreme Court of New Mexico.

Oct. 21, 1968.

Robert L. Christensen, Albuquerque, for plaintiff-appellant.

Shaffer, Butt & Bass, Albuquerque, for defendant-appellee.

## OPINION

MOISE, Justice.

Plaintiff-appellant, while walking across Candelaria Street in Albuquerque, was struck by an automobile being driven by defendant-appellee. It is clear that when struck, plaintiff was crossing the street at a place other than a cross-walk, and it is admitted that his conduct was negligent per se so that he would not be permitted to recover from defendant even if defendant were negligent, unless entitled under the facts to protection of the doctrine of last clear chance. At the close of the evidence the trial court directed a verdict in favor of defendant, holding that there was no proof that defendant was negligent, and that the doctrine of last clear chance was not applicable.

Plaintiff first argues that the court erred in directing a verdict against him, thereby denying him the benefits of the doctrine of last clear chance to which he was entitled under the facts, even though he was guilty of negligence and otherwise barred from recovery. We proceed to consider the issues presented and to do so we must detail some additional facts.

Candelaria is an east-west street, sixty-eight feet wide at the point of the accident. At about 7:25 p. m., on the evening of August 21, 1965, plaintiff left a bar on the

south side of the street, where he had consumed some three or four cans of beer, and started to cross the street, traveling in a northerly direction. At the time, defendant, proceeding west in the north lane of the street, saw plaintiff step from the curb while some three hundred feet to the east. Defendant testified that he slowed to fifteen miles per hour when still some 150 feet distant, saw plaintiff stop about the center of the street, and then continued to watch him. Defendant proceeded to a point where he struck plaintiff, some twenty-five feet north of the center line and twelve feet south of the north curb line of the street, after having laid down twelve feet of skid marks before the collision. The left front grill on the car struck plaintiff. Defendant did not remember if he sounded his horn. Plaintiff denied that he stopped in the center of the street to wave to his companions, and also testified that he did not see the lights of defendant's car or of a second car also proceeding west until the instant he was struck, although the car lights of both cars were on. A disinterested witness testified that defendant was traveling twenty to twenty-five miles per hour immediately before the accident.

It is defendant's position that although plaintiff was proceeding across the street, defendant did not know or appreciate that he would continue right into the path of an oncoming car clearly visible to anyone who took the trouble to look. He stated that his first awareness that plaintiff was not going to stop was when he stepped in front of the car. Under the circumstances, was a question of due care present?

■ We have stated time and again that questions of negligence are generally to be determined by the factfinder, Williams v. Neff, 64 N.M. 182, 326 P.2d 1073 (1958), but when reasonable minds cannot differ, a question of law to be resolved by the trial judge is presented. Bouldin v. Sategna, 71 N.M. 329, 378 P.2d 370 (1963).

■ The last clear chance doctrine is in effect an exception to the rules applicable in negligence-contributory negligence situations. See 2 Restatement (Second), Torts, § 479, comment (a) (1965). When a plaintiff has been contributorily negligent, he may not recover unless defendant had the last clear chance to avoid the accident. As is true of negligence and contributory negligence, this is generally a question to be determined by the jury. However, if reasonable minds cannot differ that the facts do not give rise to liability, the court should decide the issue as a matter of law. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531 (1960); Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703 (1959). In this connection, a verdict should be directed only when in the exercise of a sound discretion the court can say that a verdict for plaintiff could not be supported by the evidence or permissible inferences to be drawn therefrom. Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405 (1954).

In Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960), we reviewed in detail the elements giving rise to the doctrine of last clear chance whereby a plaintiff who was himself negligent may nevertheless recover. We do not restate them here. In that case we held the doctrine not applicable because it appeared that defendant was suddenly presented with a small boy immediately in front of his car, and had no opportunity to avoid the collision. We there said:

"The overwhelming weight of authority is that the doctrine of last clear chance can never arise where the party charged is required to act instantaneously and it presupposes contributory negligence, and where that negligence creates instantaneously a dangerous situation, without an appreciable lapse of time in which to avoid it, there is no room for its application. * * *"

The rule was held inapplicable in Stranczek v. Burch, supra, for the same reason. Defendant braked her car as soon as she saw plaintiff coming from her left but was unable to stop and accordingly skidded into plaintiff's car.

■ However, in the instant case, defendant saw plaintiff start across the

street while some three hundred feet distant, slowed his car, but did not stop and, although defendant continued to watch plaintiff, he relied on plaintiff to stop and not attempt to pass in front of the car. In our view of the facts, the rule adopted in Burnham v. Yellow Checker Cab, Inc., 74 N.M. 125, 391 P.2d 413 (1964), should be invoked here. In that case plaintiff was struck toward the center of a street she was negligently attempting to cross at a place not designated as a crossing. She had stopped at a point on the street where she thought she would be safe from approaching cars and was struck by defendant who stated he did not see her, but who was in a position where he did or should have done so. We conclude that when the facts here are viewed in a light most favorable to plaintiff, as must be done, reasonable minds may very well differ as to whether defendant had the last clear chance to avoid striking and injuring plaintiff. It follows that the court erred in its holding that the doctrine was not applicable under the facts and in directing a verdict for defendant.

Defendant here, as did the defendant in Burnham, supra, relies heavily on Bryan v. Phillips, 70 N.M. 1, 369 P.2d 37 (1962). We distinguish the case as did the court in Burnham, supra, and hold proper the application of the following rule stated in Merrill v. Stringer, supra:

> "It need not appear that appellant was physically unable to extricate herself [himself]. The rule applies with equal force where a plaintiff is unable to escape danger because wholly unaware of it where a defendant actually sees the perilous position and could have averted the injury by the exercise of ordinary care."

The facts of this case bring it within the rule as noted. In Bryan, supra, the facts did not bring the case within the rule, and therein the cases are distinguishable. In the light of defendant's testimony that he saw plaintiff stop in the center of the street, and then kept watching him while he traveled some twenty-five feet to the point of impact, it is rather difficult to understand how a question of fact can be avoided as to whether defendant was so suddenly faced with an emergency he could not avoid it. A question of whether he had the last clear chance to avoid hitting plaintiff was present and plaintiff had a right to have it submitted to the jury.

Defendant also directs attention to language found in Hartford Fire Ins. Co. v. Horne, 65 N.M. 440, 338 P.2d 1067 (1959), and in Monden v. Elms, 73 N.M. 256, 387 P.2d 458 (1963), which he maintains lend support to his position. The cases are clearly distinguishable on their facts. As already noted, the present case fits well within the facts and law as announced in Burnham v. Yellow Checker Cab, Inc., supra, the rule of which we hold applicable.

Under the facts here, we do not understand how it can be said that as a matter of law, defendant was free from negligence. Will all reasonable persons agree that his speed was reasonable; that he had a right to assume that plaintiff had seen or would see the car approaching and would stop before arriving in the car's path; and accordingly that he was exercising due care when he continued to drive slowly along? Neither do we agree that it can be said as a matter of law defendant did not have the last clear chance to prevent the injury.

We also note plaintiff's argument that defendant was negligent in failing to sound his horn as required by § 64–18–36, N.M.S.A.1953, which provides that warning shall be given by sounding the horn when necessary to avoid colliding with a pedestrian. However, there is no proof that defendant did or did not sound his horn. He testified that he did not recall if he had, and nobody testified that he had not. Under the circumstances, no issue of negligence because of failure to sound a horn was presented. See Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962); Turner v. McGee, 68 N.M. 191, 360 P.2d 383 (1961).

**570**

It follows that the cause should be reversed and remanded for a new trial. It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.