[No. 3469.   Dec. 13, 1930.]

[Rehearing Denied Jan. 26, 1931.]

VILLAREAL v. BILLINGS.

[294 Pac. 1111.]

H. C. Maynard, of Roswell, and A. H. Hudspeth, of Carrizozo, for appellant.

J. C. Gilbert and J. B. McGhee, both of Roswell, for appellee.

OPINION OF THE COURT

WATSON, J.

This appeal is from a judgment obtained in a suit upon a contract by which, according to appellee's theory of it, he agreed to construct 25 or 30 miles of wolf-proof fence for appellant for $150 a per mile.  He sued for constructing some 10 miles of the fence, for the value of certain work outside the contract, and for loss of profits for being prevented by appellant from completing the contract.  A jury awarded substantial damages upon which judgment was entered.  Defendant appeals.

Over appellant's objection that it was not a proper element of damages, appellee was permitted to show that he expended some $200 in preparation for performing the contract. When, at the close of the case, appellant moved that this evidence be stricken, appellee admitted that it was not proper as an element of damage, but contended that it was proper as tending to support appellee's claim, denied by appellant, that the contract called for the construction of 25 or 30 miles of fence, rather than for a mere indefinite distance. The court instructed that the matter was not for the jury's consideration, and we do not find that appellant excepted to this action or tendered any different instruction.

Appellant's contention is that the admission of the evidence was so prejudicial that the error was not cured by instructing the jury to disregard it. Without stopping to consider appellee's contention that it was properly received for the purpose last stated, we overrule appellant's contention. We do not find this evidence so calculated to arouse the prejudice of the jury or to enlist its sympathy that an error in admitting it was incurable by striking it.

Appellant contends that the court erred in submitting to the jury the question of damages for loss of profits: First, because there was no substantial evidence of liability for such damages; and second, because there was no sufficient evidence of the amount of profits lost.

Appellee urges that, under the evidence, it is proper to conclude that appellant, by harsh treatment of appellee, and by imposing hardships upon him, gave him legal excuse to abandon the contract and to resort to damages. That theory cannot be considered, since it is not the proposition of fact pleaded or submitted to the jury. Under the complaint and the instructions, we must consider the verdict and judgment on the theory that appellant "refused to further carry out said contract" and "refused to allow plaintiff to construct the same" (the remainder of the fence). While the evidence in support of this state of facts is certainly not clear, we have concluded that it is substantial.

Appellee had already built ten miles of the fence, which cost him, he said, $125 per mile. He testified somewhat in detail as to his labor expense, and as to different physical conditions which would have enabled him to build the remainder of the fence more cheaply. Assuming that the full amount claimed for loss of profits was included in the judgment, it is within the evidence.

Kettering Mercantile Company v. Sheppard, 19 N. M. 330, 142 P. 1128, cited by appellant, involved loss of profits of an unestablished mercantile business, and is not here in point.

■ An item of $105, for digging three-fourths of a mile of post holes was submitted to the jury, erroneously appellant claims, because: First, there was no substantial proof of appellant's liability therefor; and, second, the evidence was too vague and uncertain as to what it cost.

We think there was substantial evidence that a misdirection by appellant to appellee's employee was responsible for the deviation from the true line of the fence and for the digging of the unused holes.

■ There was evidence that the cost of digging the unused holes was $82.50. If $105 was included in the judgment for this item, as appellee himself claims it was, and as seems probable, it is excessive to the extent of $22.50. This excess, however, is not available as error because appellant failed to call the trial court's attention to it.

The judgment will be affirmed, and the cause will be remanded to the district court with direction to enter judgment against appellant and the sureties upon his supersedeas bond. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., did not participate.