292 P.2d 773

Wesley Carol DAVIS, a minor by Margaret C. Petersen, his guardian and next friend and Margaret C. Petersen, Plaintiffs-Appellants,

v.

J. Wilbur JONES and David Spector, a partnership, d/b/a Electrical Products of New Mexico and Charles L. Coon, Defendants-Appellees.

No. 5997.

Supreme Court of New Mexico.

Jan. 18, 1956.

Joseph L. Smith, Albuquerque, Henry A. Kiker, Jr., Albuquerque, for appellants.

K. Gill Shaffer, Albuquerque, for appellees.

SADLER, Justice.

The plaintiff as an appellant before us asks the review of a judgment rendered against him by the district court of Bernalillo County pursuant to a favorable verdict for defendants in an action for personal injuries to her minor son, inflicted in a collision between a pickup truck and a motorcycle being ridden by the minor at time of the accident.

Issues submitted to the jury included primary negligence on the part of Charles L. Coon, driver of the pickup who is one of the defendants below, contributory negligence on the part of Wesley Carol Davis, the minor who was on the motorcycle and propelling it at time of the collision and last clear chance. The case went to the jury under a general charge and a verdict in favor of the defendants was returned into court upon which the judgment before us for review was entered. We shall state facts which we conceive to be fairly within the jury's verdict.

On December 29, 1953, at approximately 7:55 a. m., Wesley Carol Davis, a minor 14 years of age, was making the rounds of his delivery route for the Albuquerque Journal. It took in a certain area lying between San Pedro and San Mateo Boulevards in the city of Albuquerque which he covered on an Indian Brave Motorcycle. On the morning in question he had thrown the last paper on his route to a house on Zuni Street and was proceeding into the

intersection of that street with San Mateo Boulevard. It runs north and south at the point where it is intersected by Zuni Street, proceeding east and west.

San Mateo Boulevard is a through street and a stop sign is located on Zuni at the point of its intersection with San Mateo. Notwithstanding presence of the stop sign the minor, Wesley, either failed to stop at all or, if he did stop, did not wait a sufficient time for any traffic to clear, before proceeding into the intersection. He entered the intersection slowly, at about 5 miles per hour on an arch of about 12 feet, when he was struck by the pickup driven by defendant, Coon, traveling as testified by him at about 25 miles per hour.

The area was flat and there were no obstructions to prevent a view in either direction as one proceeded north on San Mateo, or east on Zuni. The defendant, Coon, driving the pickup did not see the minor, Wesley Davis, until he struck him. As the minor approached the intersection, or shortly before entering it, he had observed the pickup approaching from the south at a distance, variously estimated by him to be from half a block to one and one-half blocks away.

At time of the collision the windshield on the pickup was frosted for about one inch around the rim but not so as to prevent clear vision by the driver, slightly less than perfect. The point of impact was some 12 feet, 3 inches, from the curbline of Zuni extended north. Indeed, the testimony and physical facts in evidence strongly suggest the pickup had almost cleared the intersection when it struck the motorcycle as it entered same on a wide sweeping curve. Additional physical facts, explanatory of location of the two vehicles at time of collision, are deducible from marks on them thereafter. The motorcycle was damaged on the left side, none to the rear. The damage to the pickup was on the front right fender.

After the collision the pickup, driven by defendant Coon, continued about 100 feet up San Mateo before coming to a stop. He testified that he did not "brake" the car but allowed it to roll to a stop.

While it is true, under the testimony, that defendant, Coon, did not see Wesley Davis on his motorcycle until after the collision, it is equally true that the latter astride his motorcycle failed to see the pickup, after catching a glimpse of it some distance away, variously estimated at anywhere from one-half block to a block and one-half distant.

The plaintiff suffered severe injuries in the accident, including a broken leg requiring several operations, confinement in a hospital for more than two months, and other cuts and bruises. No question is presented on this appeal touching the damage from injuries, since the jury returned a verdict there was no liability on the

part of the defendant. Judgment was entered on the verdict in favor of the defendants. Hence, this appeal.

The first claim of error, and the chief one, is that there is no substantial evidence to support a verdict for the defendants. This claim of error, of course, goes to the merits of the plaintiffs' case as a whole and will be first disposed of here.

The recital of facts within the verdict affords in and of itself satisfactory proof that the question of defendants' negligence was issuable before the jury. Certainly, the trial court could not properly rule that the driver of the pickup was negligent as a matter of law and instruct the jury accordingly. A verdict by the jury that the defendant, Coon, was negligent would have substantial evidence to support it. A verdict that he was not, under all the circumstances, likewise, would find substantial support in the evidence.

Counsel for the plaintiff place much reliance on the case of Ortega v. Koury, 55 N.M. 142, 227 P.2d 941. We think the facts afford features which distinguish that case from this. Here the driver of the pickup was traveling on a through street and was aware of the fact that there was a stop sign at Zuni and San Mateo, a fact known also by the minor, incidentally. The person struck and killed in Ortega v. Koury, supra, was a 3½ year old child, whereas, the injured minor in present case is a 14 year old boy, capable of riding and controlling a motorcycle and old enough to know and appreciate danger. Mellas v. Lowdermilk, 58 N.M. 363, 271 P.2d 399. Not every distinguishing feature mentioned, of course, has a bearing on issuable character of the negligence of defendants here, but enough do to bear strongly on the question.

Furthermore, unless we wish to lay down the rule that a motorist traveling on a through street or highway, knowing that intersections have stop signs, is negligent as a matter of law, if he fails to see each motorist approaching on intersecting streets and himself stop at stop signs, then the question of Coon's negligence was issuable before the jury. Compare, Mayfield v. Crowdus, 38 N.M. 471, 35 P.2d 291.

We hold there was sufficient evidence to go to the jury on the question of defendants' primary negligence, contributory negligence of Wesley Carol Davis, the minor, and the doctrine of last clear chance. As to contributory negligence, the defendant Coon went back, after the collision to ascertain whether he could find the footprint in the sand where the minor stopped his motorcycle (it being shown in evidence that it is necessary to place one foot on the ground to steady the machine when stopped) and found no sign of a footprint, lending support to defendants' claim that the minor did not even stop

at the intersection. Then, too, the physical facts as to point of impact, place of damage to the two vehicles and other circumstances, all combined to confirm issuable character of contributory negligence before the jury.

The cause having been submitted to the jury under a general charge, we have no way of knowing, of course, whether the jury acquitted the defendants of negligence; or, found them negligent but the youth on the motorcycle negligent as well in a manner contributing proximately to the accident. These conclusions, then, leave for consideration the error claimed to inhere in certain instructions given and refused.

■ The argument on this phase of the case revolves around the refusal of the court to give plaintiffs' requested instructions Nos. 2, 3 and 4. We have carefully considered the objections urged in connection with the refusal of these instructions and it is our considered judgment that when viewed in the light of the instructions as a whole, there was no error in their refusal. Their substance was given to the jury in the court's general charge and it would have been merely repetitious to go over the same ground again in different language. See Diamond X Land & Cattle Co. v. Director General of Railroads, 27 N.M. 675, 205 P. 267; Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775.

■ As to instruction No. 4, the court properly refused this request for two reasons. In the first place, there was no evidence to warrant such an instruction. Nelson v. Hill, 30 N.M. 288, 232 P. 526; Madsen v. Read, 58 N.M. 567, 273 P.2d 845. Furthermore, as counsel for defendants points out and the record affirms, the general charge given to the jury amply covered any negligence in the respect mentioned, excessive speed, if it should be held an instruction on the subject, was warranted.

■ Error is also predicated on the giving of instruction No. 17 which told the jury that if Wesley Davis, the minor, failed to comply with a city ordinance to stop at stop signs, or proceeded into San Mateo Boulevard without first determining he would not be taking risks with prevailing traffic, such action would be evidence of negligence. Counsel first say there is no evidence he did not stop. The record disputes them on this claim. There is such evidence, though admittedly not strong.

■ Next, it is said the instruction is bad for failure to add that, even though plaintiff was negligent in this particular, it would be of no consequence unless it contributed as a proximate cause of the accident. True enough, but the court told the jury the same thing elsewhere in its instructions touching on contributory negligence. The objections to instruction No. 17 given by the court lack merit.

It follows from what has been said that the judgment is free from error and should be affirmed.

It Is So Ordered.

COMPTON, C. J., and LUJAN and McGHEE, JJ., concur.

KIKER, J., not participating.