327 P.2d 303

L. H. JOHNSON, Plaintiff-Appellee,

v.

Arthur F. CAREY, Defendant-Appellant.

No. 6403.

Supreme Court of New Mexico.

July 2, 1958.

John F. Schaber, Deming, J. R. Wrinkle, Silver City, for appellant.

Sherman & Hughes, Deming, for appellee.

COMPTON, Justice.

This is an action in replevin brought by appellee to recover a truck, or its value, alleged to be unlawfully detained by appellant, and for damages for the unlawful detention. The jury found that appellee was entitled to possession and awarded $600 damages for its detention. The judgment on the verdict is here for review.

The verdict disposes of all questions of fact and only such evidence as will tend to support the verdict may be considered. Miller v. Marsh, 53 N.M. 5, 201 P.2d 341; Griego v. Conwell, 54 N.M. 287, 222 P.2d 606; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330.

The truck was purchased by appellant from Miller Chevrolet Agency, February 25, 1956, as evidenced by a conditional sales contract. After the advanced payment, there was a balance then due of $4,003.64, payable in 24 monthly installments of $120.-70 each. The contract was immediately assigned by Miller Chevrolet Agency to General Motors Acceptance Corporation, hereafter referred to as G.M.A.C. It contained the usual provision that upon default in payment of any installment, seller may repossess and sell the property at public sale or otherwise dispose of it "in such manner and upon such terms as shall be commercially reasonable," without notice to the purchaser.

Thereafter, on April 28, 1956, appellee purchased appellant's equity in the truck, taking a bill of sale therefor. The sale was agreeable to G.M.A.C. Appellant also agreed to assign the contract and transfer the title to the truck to appellee; however, he failed and refused to do so. Nevertheless, appellee continued to make the monthly installments promptly until the January 1957 payment. He was out of the state at the time and G.M.A.C., under a misapprehension that he was in arrears two payments, took possession of the truck and

stored it with Miller Chevrolet Agency until such time the payments were made. Actually appellee was in default some 15 days on one payment only. G.M.A.C. knew that appellee had been trying to get appellant to comply with his agreement to transfer the title and assign the contract to him so he could deal directly with G.M.A.C. Its agent testified that one reason for repossessing the truck was the failure of appellant to make the transfers. The day following repossession, however, the agent delivered the truck to appellant upon his payment of the January installment. At the time he advised appellant to contact appellee and complete the necessary transfers. When appellee returned to New Mexico, he found appellant in possession of the truck, and his demands for its possession being refused, he brought this action.

■ Appellant bases his claim of ownership and right of possession through G.M.A.C. Unquestionably, G.M.A.C. was authorized to repossess the truck but this is unimportant; the rights of the parties were not affected thereby. The question before the trial court was the right of possession as between appellee and appellant. G.M.A.C. did not sell the truck or otherwise dispose of it. In turning it to appellant, G.M.A.C. had no thought of extinguishing the rights of the parties. This is evident as the sales contract remained intact. Clearly, appellant was legally obligated to meet the installment, but payment by him could have been avoided had he complied with his agreement with appellee. The payment did not terminate appellee's right of possession.

■ The giving of various instructions relating to G.M.A.C.'s authority, or lack of authority, to repossess the truck is assigned as error. In this regard, we do not find it necessary to discuss the objectionable instructions. Conceding for the moment there was error in this respect, the error was not prejudicial. The instructions were on an immaterial issue and the verdict nevertheless was proper. Flanagan v. Benvi, 58 N.M. 525, 273 P.2d 381.

The refusal of the court to give certain instructions tendered by appellant is assigned as error. We have given them careful consideration and find them in conflict with those given. The refusal was not error.

The judgment willl be affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.