365 P.2d 918

Jewell McFATRIDGE, Plaintiff-Appellee,

v.

HARLEM GLOBE TROTTERS, Abe Saperstein, Abe Saperstein d/b/a The Harlem Globe Trotters, and Abe Saperstein Sports Enterprises, Defendants-Appellants.

No. 6848.

Supreme Court of New Mexico.

Nov. 1, 1961.

272

Smith, Smith & Tharp, Clovis, for appellants.

Emmett C. Hart, Eugene E. Brockman, Tucumcari, for appellee.

MOISE, Justice.

This suit was brought by plaintiff-appellee (hereinafter referred to as plaintiff) against Abe Saperstein, defendant-appellant (hereinafter referred to as defendant) and also

named The Harlem Globe Trotters and Abe Saperstein Sport Enterprises as defendants. However, it is conceded that these additional defendants are merely descriptive names for the defendant, Abe Saperstein.

The complaint alleged that on December 3, 1957, the Harlem Globe Trotters basketball team played a basketball game at the high school gymnasium in Tucumcari, New Mexico; that plaintiff purchased a ticket to the game and was a spectator; that while playing in the game one of the members of the Harlem Globe Trotters team "intentionally or negligently" threw a basketball toward the spectators on the east side of the gymnasium striking plaintiff in the face, causing the injuries complained of; that at the time, the player was acting within the scope of his employment.

Defendant, by his answer, denied the material allegations of the complaint including his negligence, and in addition pleaded affirmatively that plaintiff was contributorily negligent; that she had assumed the risk; that she had the last clear chance to avoid the injury; that the accident was unavoidable and the injuries unforeseeable; also, that there was an absence of an indispensable party.

The case was tried to a jury and resulted in a verdict of $18,700 in favor of plaintiff. From a judgment entered pursuant to the verdict, this appeal is prosecuted.

Defendant argues his case under 15 points, 13 of which complain of the instructions given by the court and of its failure to give those requested by defendant. The remaining two points deal with the court's failure to sustain defendant's motion for a directed verdict at the close of plaintiff's case in chief, and the court's failure to grant defendant's motion for a new trial.

Points 1, 2 and 3 are argued together by defendant, and we will treat them accordingly.

Instruction No. 22, urged as erroneous under Point 3, reads as follows:

"22. You are instructed that the members of the Harlem Globe Trotters team at all material times to this action were agents and employees of the Defendant Abe Saperstein, and that said basketball players were acting in the course of their employment at the time they played the game in Tucumcari on December 3, 1957, and that Abe Saperstein is responsible and liable for the acts of the members of said Harlem Globe Trotters team if you should find from the evidence that any of the members of said basketball team was negligent and such negligence was a proximate cause of the Plaintiff's injuries."

By his requested instruction No. 6, defendant asked the court to instruct the jury that if the ball was intentionally thrown by one of defendant's employees, the ver-

dict should be for defendant unless such intentional throwing of the ball was within the course of the employee's employment. By requested instruction No. 6–A "course of employment" is defined and explained.

The court refused both instructions 6 and 6–A, and as already noted instructed the jury as a matter of law that the basketball players were in the course of their employment while participating in the game. It should be pointed out that while plaintiff alleged the act to have been intentionally or negligently done, the court gave no instruction on the pertinent law covering intentional acts, and confined the issues to those incidental to negligence. Defendant had denied negligence and had denied the act was done in the course of employment. Did the court err in not submitting to the jury the question of whether the player was acting in the course of his employment? We think not.

■ It is not every issue raised by the pleadings that the court is required to cover in its instructions to the jury. When substantial evidence has been submitted in support of a party's position it becomes incumbent on the court to instruct on the party's theory. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Hanks v. Walker, 60 N.M. 166, 288 P.2d 699. It follows without saying that such evidence being absent, the requirement of such an instruction vanishes. Madsen v. Read, 58 N.M. 567, 273 P.2d

845; Davis v. Jones, 60 N.M. 470, 292 P. 2d 773.

What evidence is disclosed by the record that the player employee of defendant who suddenly threw the ball either directly at the spectators or toward a goal over their heads, was acting intentionally or outside the scope of his employment?

The facts to which defendant points as raising the issue are briefly these: The basketball was thrown toward plaintiff; the player gave an indication of throwing the ball into the proper goal from far out in the court when he suddenly turned and threw the ball toward the crowd or above it and against a goal which was not being used in the game and was located on the side; this was the only occasion of this type of occurrence; also, although the team is made up of expert ball-handlers and perform tricks with the ball as "gags" it has no "gag" in which a player throws the ball into or toward the spectators, and even though there is no instruction specifically against throwing the ball into the spectators, the players know that they are not supposed to do so. The player who threw the ball was not produced as a witness, and there is no explanation of the conduct resulting in the injury except as disclosed by the testimony referred to.

In the case of Childers v. Southern Pac. Co., 20 N.M. 366, 149 P. 307, 308, where suit was brought for damages resulting

from an assault by a railroad watchman, we said:

"It has been held, in a great variety of cases, that the master is liable for the wanton or malicious acts of his servant if they were committed while the servant was acting in the execution of his authority and within the course of his employment. Mechem on Agency (2d Ed.) § 1960; Elliot on Railroads, § 1265. Some of the earlier cases, it is true, announced the contrary rule; but this doctrine no longer prevails. The difficult question is to determine what acts may be deemed to be within the course of the servant's employment, within the meaning of the rule. Mechem on Agency, § 1960, states the rule as follows:

" 'But in general terms it may be said that an act is within the "course of employment" if (1) it be something fairly and naturally incident to the business, and if (2) it be done, * * * although mistakenly or illadvisedly, with a view to further the master's interests, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.' "

In that case the defendant was held to be responsible since the assault resulted from the employee's activities in keeping people from stealing rides on his employer's train, even though plaintiff was not attempting to steal a ride when assaulted. The rule as announced in the quotation above was followed in the recent case of Miera v. George, 55 N.M. 535, 237 P.2d 102. See, also, White Auto Stores v. Reyes, 10 Cir., 223 F.2d 298, and United States v. Mraz, 10 Cir., 255 F.2d 115; Restatement of the Law of Agency, 2d, § 228.

It would seem clear that the record is devoid of any proof that the player participating in the game and who threw the ball that struck plaintiff was doing anything other than an act "fairly and naturally incident to the business." As a matter of fact, he was engaged in the performance of his duties as a basketball player, and although he mistakenly or illadvisedly threw the ball into the audience, he was nevertheless performing defendant's business, and if this was negligence which proximately caused plaintiff's injuries defendant was liable unless liability was excused under one of the defenses pleaded and proved. There being no evidence upon which the jury could have found that the act arose "wholly from some external, independent, and personal motive * * * to do the act on his own account," the court ruled correctly that the jury should not be permitted to speculate

upon any such possible reason not supported by proof.

■ Under points 6 and 7 defendant complains of the giving of instruction No. 19, reading as follows:

"You are instructed that a person who conducts a business or an entertainment for which an admission is paid to see the entertainment impliedly extends an invitation to persons to see said entertainment and is under the duty to exercise ordinary care to conduct the entertainment in a condition reasonably safe to those patronizing the entertainment who are under the law invitees."

and refusal of his requested instruction No. 7, as follows:

"You are instructed that it is common knowledge that the game of basketball is ordinarily and customarily played in a gymnasium where the playing court is not separated from the seats for spectators, and that during the course of a game the basketball may be thrown or knocked from the playing court into the portion of the building occupied by spectators. You are further instructed that one of the natural risks assumed by plaintiff in attending the basketball game described in the testimony in this case was that she might be struck by the basketball in use in the game, and if you find that the injuries sustained by plaintiff were sustained as a result of the basketball hitting her as a usual matter of course during the conduct of said game, you should find the issues for the defendants."

Defendant cites the following statement appearing in 142 A.L.R. 868, at 871:

"It is generally held or recognized that where a spectator who has knowledge of the game of baseball is given a choice between seats that are protected by screens and those that are not, and elects, or by reason of the protected seats being filled, is required, to sit in the unscreened area of the stands, he thereby becomes guilty of contributory negligence or assumes the risk of injury, or thereby accepts the reasonable hazards inherent in and incident to the game, and may not recover for injuries received from batted or wildly thrown balls."

Although conceding that he has located no case to support his position, he argues that the rule there stated as applicable to spectators at baseball games should also apply to those attending basketball games.

In the instant case it is clear there was no screened section offering protection from balls escaping from the floor, either in the ordinary course of the game, or because deliberately thrown, and accordingly plaintiff had no choice as between a protected and an unprotected seat. Neither is there any proof to establish that there is any real danger of injury to spectators at a

basketball game from balls entering the spectator section in the usual and ordinary course of a game. That there is danger from being injured by being struck by balls hit foul or otherwise striking spectators in certain locations at baseball games which would be known to fans of the game is clear and from this fact arises the custom to protect the areas of greatest danger, and the rule as stated by the note writer. However, we are not advised of any similar danger being present at basketball games, or that protection is ever provided for spectators. This fact is recognized by defendant in his argument under point 12. Because of the differences in the two games and in the usual facilities offered spectators we do not consider the rule quoted above to be applicable in the instant case. Neither do we think refusal of requested instruction No. 7 was error inasmuch as the instruction given made it amply clear that plaintiff was required to establish negligence on the part of defendant as a proximate cause of her injury before she could recover.

In addition, the jury were advised that plaintiff assumed the risk of injuries resulting from any dangerous position or conduct to which she voluntarily exposed herself, including that of being struck by a ball, if she knew or in the exercise of ordinary care should have known that danger existed of being struck, and that recovery should be denied if the jury found she had so assumed the risk. Nothing more was required, and it is our conclusion that the court did not err in giving its instruction No. 19, and in refusing defendant's requested instruction No. 7.

We now proceed to a discussion of defendant's point 9.

The court gave its instruction No. 24, which read as follows:

"24. You are instructed that it is not necessary that you find that a particular individual member of the Harlem Globe Trotters basket ball team threw the ball that struck plaintiff, if it did, and it is sufficient to warrant you to return a verdict for the plaintiff that you find from a preponderance of the evidence that any one member of that team negligently threw the ball towards the audience, if he did, which struck plaintiff and that as a proximate result thereof plaintiff suffered injury and damage."

Defendant stated his objections to this instruction to the court, as follows:

"Defendants object to Instruction No. 24 * * * for the further reason that it is a binding instruction on the jury that if they find that a team member negligently threw the ball towards the audience and that it struck the plaintiff, from which the jury might infer that it would not further consider contributory negligence or assumption of risk on the part of plaintiff.

"I realize that all instructions cannot be given in one, but the jury should be instructed there, subject to all of the other instructions or subject to contributory negligence or assumption of the risk."

and his argument here is based on the claimed defects as so stated to the court. Plaintiff answers the argument by pointing out that instruction No. 24 was necessary in view of instruction No. 23 wherein the court advised the jury that if they were not satisfied from a preponderance of the evidence that a member of the Harlem Globe Trotters team threw the ball that struck plaintiff their verdict should be for defendant; and that instruction No. 24 was intended merely to advise that plaintiff was not required to prove which player threw the ball, but that it was sufficient if it was established that any member of the team negligently did so.

The complaint made against the instruction, as we understand it, is that it is in "binding" form or is what has sometimes been called a "formula" instruction. We find no case in New Mexico where we have been called upon to pass on whether the giving of an instruction such as this is reversible error. By use of the term "formula" instruction we mean an instruction which advises the jury that under certain facts therein hypothesized their verdict should be for one of the parties. To state an in-

struction in this form is extremely hazardous and not to be recommended because if any conditions to the right of recovery, or any hypothesis which would require a contrary verdict are overlooked, the instruction is faulty. There are innumerable cases holding that a "formula" instruction must include each and every element requisite to support a verdict, and that omission of any of these elements can not be supplied by reference to other instructions correctly stating the law. For a few examples see Beyerle v. Clift, 59 Cal.App. 7, 209 P. 1015; Kanousis v. Lasham Cartage Co., 332 Ill. App. 525, 76 N.E.2d 239; Pardridge v. Cutler, 168 Ill. 504, 48 N.E. 125; Ivie v. Richardson, 9 Utah 2d 5, 336 P.2d 781; Vaughn v. Herring, 195 Ark. 639, 113 S.W.2d 512; Moore v. Turner, 137 W.Va. 299, 71 S.E.2d 342, 32 A.L.R.2d 713.

Having noted the general rule, our problem remains unresolved because we are convinced that the instruction under attack was not a "formula" instruction. A careful examination of the instructions demonstrates clearly that, as stated by plaintiff, instruction No. 24 was intended to do nothing more than advise the jury that in order for plaintiff to prevail she was not required to prove specifically which of the several ball players present on the floor threw the ball. It was accordingly nothing more nor less than a statement of the law of respondeat superior, as was likewise the case in

Douglas v. Southern Pac. Co., 203 Cal. 390, 264 P. 237 discussed post.

Instruction No. 21 defined "agent" for the jury. Instruction No. 22 has already been set out in full. Instruction No. 23 stated that if the jury were not satisfied from a preponderance of the evidence that some member of the Harlem Globe Trotters team threw the ball that struck plaintiff, their verdict should be for defendant.

Reading instructions No. 21, 22 and 23 in connection with instruction No. 24 makes it amply clear that the sole purpose of the latter instruction was to advise the jury concerning the particularity or certainty with which the player who threw the ball had to be identified. It did not purport to direct that plaintiff could recover in any event. The situation is identical with that which was present in the case of Douglas v. Southern Pacific Co., supra.

The instruction there attacked read as follows:

"It is admitted by defendant in this case that A. J. Beck, E. L. Carr, G. J. Clouth, D. Frazer, and Leslie Straight were employees of defendant and were acting within the scope of their employment at the time of the accident. If you should find that the injury to one plaintiff and the death of the other were caused by the negligence of these employees, or either of them, while operating defendant's engine and car, at the time of or immediately prior to the accident, your verdict should be for plaintiffs and against the defendant, since an employer is bound by the acts of his employee while acting within the scope of their employment, and their negligence is, in law, deemed to be the employer's negligence."

Concerning this instruction, the court, after stating the general rule applicable to "formula" instructions, as we have heretofore noted it to be, had the following to say:

"At first blush the instruction complained of upon this appeal might seem to be fatally defective, in the light of the foregoing authorities, because of its failure to touch upon the subjects of contributory negligence and proximate cause. We are not prepared to say, however, that said instruction was given to, or accepted by, the jury as a 'formula' instruction. It does not purport to be a complete statement of the law upon which the plaintiffs might recover, but served merely to inform the jury that responsibility attaches to a principal for the negligent acts of his servant committed within the scope of the latter's employment. * * *

"In our opinion, the instruction constitutes nothing more than an expres-

sion of the doctrine of respondeat superior. This being so, the instruction need not have set forth all of the elements essential to recovery by the plaintiffs. Our examination of the record discloses that these several elements were fully and properly expressed to the jury in the many other instructions given by the lower court."

Similarly, in the instant case, contributory negligence was covered in instruction No. 8; burden of proof of contributory negligence in instruction No. 10; assumption of risk was defined in instructions No. 12 and 13, and the burden of proof therein outlined in instruction No. 11; the standard of care of a person charged with contributory negligence was set forth in instruction No. 14, and the jury advised in instruction No. 15 that comparative negligence is not to be considered; instruction No. 16 explained proximate cause. In addition, the jury were told in instruction No. 1 that determination of the facts in the case was their exclusive province; in instruction No. 35 they were advised that the court intended no emphasis on any rule, direction or idea which might be stated in varying ways in the instructions and, further, that no single instruction or part of an instruction was to be singled out to the exclusion of the balance of the instructions, but that they were to be considered as a whole giving due regard to each in the light of all the others; and in instructions No. 37 and 39 they were informed that the court expressed no opinion on the facts either by the instructions or rulings or comments during the trial.

We are convinced that the law of contributory negligence, proximate cause and assumption of risk were all set forth with such certainty that the jury could not have been misled by the unfortunate language used in instruction No. 24, and that they must have understood the rule there announced to be, as already stated, nothing more than an explanation that it was not necessary to prove the identity of the agent of defendant who actually threw the ball. Compare Sturgeon v. Clark, N.M., 364 P.2d 757.

As said by the Supreme Court of California in Douglas v. Southern Pac. Co., supra:

"Jurors are presumed to be persons of common intelligence and capable of comprehending the ordinary use of language as applied to the particular proposition under consideration and in reference to which it is employed. We will not assume that they may not have understood the charge as we understand it. The instructions must be considered in their entirety, and if, as so considered, they state the law of the case fairly

and clearly, then they are, as a whole, unobjectionable, even though by selecting isolated passages from single instructions they may in some respects be amenable to just criticism." [203 Cal. 390, 264 P. 239.]

The rule with reference to considering instructions in their entirety has been often stated by this court. Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047; Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 282 P.2d 1105; Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712.

Concerning points 10, 11 and 12, it is sufficient to refer to the rule referred to above concerning the instructions as a whole. We find no undue emphasis in instructions No. 25, 27 and 28 in the light of the cautionary instructions already noted. These points are not well taken.

We have considered each of the other points argued by defendant and not specifically discussed herein, and hold them to be without merit.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ, and NOBLE, JJ., concur.