369 P.2d 37

Lena R. BRYAN, Plaintiff-Appellant,

v.

Kenneth E. PHILLIPS and June Emma Phillips, his wife, Defendants-Appellees.

No. 6960.

Supreme Court of New Mexico.

Feb. 21, 1962.

F. L. Nohl, B. J. Sholer, Albuquerque, for appellant.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellees.

COMPTON, Chief Justice.

This is an action for damages for personal injuries resulting from an accident occurring at the intersection of Monte Vista and Dartmouth in Albuquerque, New Mexico, in which appellant, a pedestrian, was struck by appellees' automobile, being driven by appellee, June Emma Phillips. The appellant alleged negligence on the part of appellee, June Emma Phillips, in the operation of her automobile. She also pleaded the last clear chance doctrine. Appellees denied any negligence and affirmatively alleged contributory negligence on the part of appellant as the proximate cause of the injuries sustained by her. The cause was tried to a jury and, at the close of the evidence, appellees' motion for a directed verdict was denied; however, their motion to strike the doctrine of last clear chance from the consideration of the jury was granted. The jury returned a verdict for appellees and judgment thereon was rendered. This appeal follows a denial of appellant's motion for a new trial or judgment notwithstanding the verdict, and specifies five points of error which appellant contends were committed by the trial court.

The facts appear to be substantially as follows: On December 23, 1959, at about 6 P.M., appellant was returning to her place of employment after the dinner hour. She parked her car fifty feet north of Monte Vista on Dartmouth, walked to the northwest corner of the intersection, and seeing no cars approaching from any direction, stepped off the curb, her destination being the southeast corner of the intersection. There is conflict in the testimony as to the exact route taken by appellant but she testified, and the jury found, that she walked in a southerly direction toward the southwest corner. Approaching this corner she came to a puddle of water extending 3 to 5 feet into the street, so she turned east with her back to oncoming traffic and proceeded toward the southeast corner, stopping once to allow a car proceeding south on Dartmouth to make a left turn going northeasterly on Monte Vista. Appellant did not proceed on a direct line because of the water and slush at the southeast corner. A car which had parked temporarily to drop off a passenger was partially blocking the crosswalk area on the south side of Monte Vista as that street intersected with Dartmouth, so appellant walked in a northeasterly direction around the left side of the parked car into the street

instead of going to the right of the car and stepping up onto the curb at the southeast corner which she could have done by either going through the puddle or jumping over it. As she was about even with the front door of the parked car she was struck and knocked forward into the street ahead of the parked car. There is some evidence tending to show that she was within the area of the crosswalk, or extension lines of the sidewalk, running from the northeast corner to the southeast corner but, if so, she was walking at right angles to it. Appellant was struck on the lower part of her back and the back of her lower left leg. She did not see the car that struck her as she had her back to it, nor did she see any lights from the car. Nor did she look for traffic after she turned east.

Appellee, June Emma Phillips, was driving her car northeast on Monte Vista in the lane nearest the center divider at a speed of about 15 or 20 miles per hour, with her dim lights on. She saw the car parked near the southeast corner with its lights on. She saw no pedestrians or other cars, although she had glanced at the parked car and was watching the roadway. Her vision was better than normal with the glasses she was then wearing. After she had crossed Dartmouth she heard a thump on the right side of her car and thought it came from the right rear side, and she pulled over toward the curb and stopped after going the length of about two cars.

She could see 120 feet with her headlights on in dim position.

At the time of the accident it was about dusk, but not dark; the overhead street lights were not on but there was ample light from nearby businesses to see fairly good although in some places a person could not see more than 100 feet. Neither the driver of the parked car nor the passenger alighting therefrom saw the appellant or witnessed the impact. Appellee, June Emma Phillips, at no time saw appellant prior to the accident. The police officer investigating the accident found no evidence of impact on the front of appellees' car but did not inspect the sides or back of the car. The actual point of contact was not established conclusively.

■ Appellant's first point is addressed to the ruling of the trial court in refusing to instruct the jury on the doctrine of last clear chance and in sustaining the appellees' motion to remove this doctrine from the consideration of the jury. In this situation, we must view the facts in the light most favorable to appellant, together with the logical inferences which reasonably flow therefrom. If reasonable minds may differ as to the facts, the court erred; otherwise it was properly withdrawn. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531; Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703.

This court has set forth four elements necessary to justify or warrant the application of the doctrine of last clear chance, as follows: That the plaintiff has been negligent; that as a result of his negligence, he is in a position of peril from which he cannot escape by the exercise of ordinary care; that the defendant knows, or should have known, of plaintiff's peril; and that defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028; Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346.

This court has also said that in an action predicated upon the doctrine, it must appear that plaintiff was negligent, but that such negligence was not the proximate cause of the accident, the proximate cause thereof being the subsequent negligence or want of due care on the part of the defendant. Thayer v. Denver & R. G. R. R. Co., 21 N.M. 330, 154 P.2d 691. See also 65 C.J.S. Negligence § 213, p. 979. The doctrine cannot be invoked where there is concurrent negligence such as where the injured party's negligence continues up to the very moment of injury. The exception to this is when the defendant actually knows of plaintiff's danger, has reason to suppose that plaintiff cannot save himself, has a last clear chance to avoid injury by the exercise of ordinary care and fails to do so. Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405; Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976. Also, Restatement of the Law, Torts, § 480, pp. 1257–1258.

Applying the essential elements of the doctrine, and the rules set forth above, it is clear that the evidence would warrant a finding by the jury that appellant was negligent in using a path not ordinarily used in crossing an intersection. It is also clear that the evidence would warrant a finding that the appellee, June Emma Phillips, in the exercise of ordinary care, could have avoided hitting appellant and was, therefore, negligent in failing to keep a proper lookout. These are the ordinary issues of negligence and contributory negligence which were submitted to the jury and on which the verdict for appellees was rendered. But, the appellant contends that all of the elements were present for the application of the doctrine; with this we do not agree. The evidence fails to support the contention that appellant was in a position of peril from which she could not have extricated herself at any time by the exercise of ordinary care for her own safety while crossing the intersection. There is no evidence that her negligence had terminated or culminated in a perilous position from which there was no escape, or that by the use of ordinary care she could not have seen appellees'

car. See the recent case of Odekirk v. Austin, 90 Ariz. 97, 366 P.2d 80.

As we view the record, the ordinary rules of negligence and contributory negligence were applicable rather than the doctrine of last clear chance. To hold otherwise would be to require that appellees exercise greater care for appellant than appellant exercised for her own safety. Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86; Lucero v. Torres, supra. Prosser, Torts, 2d Ed., p. 294. We conclude that the court properly refused to instruct on the doctrine.

Appellant next contends that the court erred in failing to instruct the jury that a pedestrian is defined as "any person afoot"; by its failure to use the exact statutory language when instructing on the applicable law; and by overemphasizing the duties of pedestrians and de-emphasizing the duties of a motorist; by its refusal of appellant's instructions 6, 7, and 8, and the granting of appellees' instructions 8, 9, 10 and 12.

We can see no error in failing to instruct a jury that a pedestrian is "any person afoot." McFatridge v. The Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918. With respect to the refusal of the court to give appellant's requested instructions relating to the duties of a motorist, an examination of instructions 13, 14, 15 and 16 given by the court discloses that the law relating to duties imposed upon drivers of motor vehicles, under the circumstances of this case, was fairly and sufficiently presented to the jury. The duty imposed by law upon drivers of motor vehicles is to keep a proper lookout and maintain proper control. Porter v. Ferguson-Steere Motor Company, 63 N.M. 466, 321 P.2d 1112; Ortega v. Koury, 55 N.M. 142, 227 P.2d 941. The substance of the requested instructions being covered by the trial court's general charge, the refusal of the tendered instructions was not error. Davis v. Jones, 60 N.M. 470, 292 P.2d 773.

Appellant next claims error in instructing the jury on the statute relating to a pedestrian's use of sidewalks where provided, and on his use of the roadway where no sidewalks are provided, on the grounds there was no evidence as to sidewalks, no intimation that the appellant failed to use one so provided, or that she was walking parallel to a roadway as contemplated by the statute. The appellant's own evidence makes it clear that instead of going to the right of the parked car and stepping up on the curb and sidewalk on the southeast corner of the intersection, she continued around the parked car on the street side into Monte Vista and walked with her back to oncoming traffic. Nothing could be clearer than that appellant was walking in the street around a parked car and parallel to a

sidewalk which she chose not to use, with her back to oncoming traffic. She also testified that there was no sidewalk on the southwest corner of the intersection, short of which she turned east in the street to proceed across Dartmouth. To say that this statute does not apply because appellant was in a crosswalk is an erroneous assertion. Even had there been conclusive evidence that she was within the area of the unmarked crosswalk, there was no evidence that she was "crossing a roadway at any point within a marked crosswalk or within an unmarked crosswalk" as contemplated by the statute. The instruction was warranted by the evidence.

Appellant further contends that the court erred in instructing the jury to the effect that we do not recognize the doctrine of comparative negligence. This question is conclusively settled in New Mexico. Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24. The instruction was applicable to the issues of negligence and contributory negligence and was proper for the enlightenment of the jury in their consideration of such issues.

The appellant contends further that the court committed error in submitting appellees' special interrogatories to the jury relating to the route taken by appellant in crossing the intersection. She seems to rely heavily on the fact that she was in a crosswalk area when struck and therefore the route which she took in crossing the intersection was immaterial and irrelevant as to the proximate cause of the accident. We find no fault in the ruling of the court. The whole issue of contributory negligence revolved around the manner in which appellant crossed the intersection. Consequently, the questions embraced in the special interrogatories concerned the determination of ultimate facts. The jury found against the appellant on facts which were fatal to her cause of action, that is, a continuous pattern of contributory negligence in crossing the intersection up to and including the time she was struck. See Bryant v. H. B. Lynn Drilling Corporation, 65 N.M. 177, 334 P.2d 707; Rule 49, our Rules of Civil Procedure.

The giving of special interrogatories is discretionary with the trial court, subject to review for abuse. American Insurance Co. v. Foutz and Bursum, 60 N.M. 351, 291 P.2d 1081; Ferris v. Thomas Drilling Company, 62 N.M. 283, 309 P.2d 225; and Wright v. Atchison, Topeka and Santa Fe Railway Co., 64 N.M. 29, 323 P.2d 286. We find no abuse of discretion here.

The final point argued by appellant is that the trial court erred in not granting her motion for a new trial or judgment notwithstanding the verdict for the reason that the verdict is against the

**8**

weight of the evidence. In disposing of other points urged by appellant, we have also disposed of this one. The verdict of the jury was supported by substantial evidence and should not be disturbed on appeal. Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071; Johnson v. Carey, 64 N.M. 226, 327 P.2d 303.

The judgment will be affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE not participating.