441 P.2d 200

**E. Edward APODACA, Plaintiff-Appellant,**

**v.**

**Clair MILLER, Defendant, Third Party Plaintiff-Appellee.**

**No. 8494.**

Supreme Court of New Mexico.

May 27, 1968.

Adams & Vallentine, Traub, Parham & Zuris, Albuquerque, for appellant.

Knight & Sullivan, Domenici & Bonham, Albuquerque, for appellee.

## OPINION

MOISE, Justice.

Plaintiff appeals from a judgment in favor of defendant entered on a jury verdict denying recovery for compensatory and punitive damages allegedly suffered by reason of claimed conduct of defendant in wrongfully and without probable cause procuring the issuance of a search warrant for plaintiff's premises and the ensuing search thereof.

Briefly, the facts establish that defendant was a plumbing and heating contractor with little education and no experience in legal matters. He had suffered several thefts from his business and, when he received an anonymous telephone call (not the first he had received) describing in detail some of the property he had lost and advising that it could be found in the store of plaintiff, he proceeded to the sheriff's office where he related the facts to a lady clerk, a detective by the name of Lee, and to the sheriff. Advising that a search warrant would be required, the sheriff produced an affidavit and warrant bearing the signature of Epimenio Herrera, a justice of the peace. These documents were filled out and the affidavit signed by defendant. Thereupon, defendant accompanied detective Lee and another deputy to plaintiff's premises which were searched by the officers without any of the stolen property being discovered. Defendant did not enter plaintiff's premises but waited outside while the search was conducted.

Plaintiff alleges that he was damaged by the actions of defendant which he alleges were done recklessly, maliciously, wilfully, wantonly, and without reasonable or prob-

able cause. Defendant sought and obtained permission to sue the justice of the peace, Epimenio Herrera, as a third-party defendant. A third-party complaint was filed and issue joined. At the trial, at the close of the case of plaintiff and third-party plaintiff, the court directed a verdict in favor of third-party defendant. Although there is no explanation for this ruling, there is no appeal from this action and, accordingly, we do not consider whether or not it was correct.

Two points are argued here by plaintiff. In the first, errors in rulings on objections to evidence are asserted, and, in the second, complaint is made concerning refusal to give three requested instructions to the jury.

Before considering either of these issues, we note defendant's position that plaintiff's points are immaterial because the plaintiff totally failed to prove that defendant acted maliciously. It is defendant's position that even if it be assumed that the court erred in either or both respects argued by plaintiff, it would not help plaintiff's case because defendant could not be liable if he acted in good faith or without malice, and that there was no proof which would support a finding of either.

In this connection, great reliance is placed on the holding of this court in Hughes v. Van Bruggen, 44 N.M. 534, 105 P.2d 494 (1940). That was a suit for malicious prosecution wherein the defendant signed a criminal complaint upon information furnished by officers, and upon instructions of the district attorney conveyed to defendant by the officers. This court approved and adopted the rule in Restatement, Torts, § 653, comment g, to the following effect:

"g. *Influencing a public prosecutor.* A private person who gives to a public official information of another's supposed criminal misconduct, of which the official is ignorant, obviously causes the institution of such subsequent proceedings as the official may begin on his own initiative, but giving such information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this Section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain. The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings. * * *"

and then made the following pronouncement:

"It cannot detract from the rule as above so clearly stated to say that the informant may himself even sign the complaint which puts in motion the prosecution. We know that under our practice any one may sign a criminal complaint, upon information and belief, if not upon his own knowledge. We know that as a practical matter, many times complaints are signed by peace officers or members of the prosecutor's staff who have no actual knowledge of the crime. Often the person who claims to have been the victim of the offender is asked to sign the complaint. This adds nothing to the efficacy of the prosecution certainly, but it is done in many cases, perhaps, in order to enlist the interest and cooperation of the person most likely able to give testimony in behalf of the state, and whose testimony in many such cases may be indispensable."

The court concluded that plaintiff had failed to establish a cause of action for

malicious prosecution. We quote further from the opinion the reasons advanced:

"If we are to have prosecutions of law violations only at the very great hazard of unreasonably subjecting the complaining witness to the expensive ordeal and uncertain results of suits for damages if convictions not be obtained, we then approve a rule which thwarts justice upon the very threshold of its entrance. Few men would take the chance and invite such a suit, even though they would otherwise be boldened to advocate and uphold law and order. Their attitude could very properly be, 'let the other fellow do it.' The policy of the law is not, as it should not be, unreasonably to deter those who know of breaches of the law from complaining against the offenders."

■ We fully appreciate that the instant case is not a suit for malicious prosecution. It would more accurately be described as a suit for damages resulting from swearing out or causing the issuance of a search warrant. However, we do not perceive that there is any difference in the rules applicable. In either case the plaintiff has the burden of establishing that the defendant maliciously and without probable cause procured the issuance of the warrant. See Williams v. Frey, 182 Okl. 556, 78 P.2d 1052 (1938), cited and relied on in Hughes v. Van Bruggen, supra. Also see Krehbiel v. Henkle, 142 Iowa 677, 121 N.W. 378 (1909). Another theory relied on by appellant is discussed later in this opinion.

The following rule, applicable in malicious prosecution actions and equally in the present action, was set forth in Delgado v. Rivera, 40 N.M. 217, 229, 57 P.2d 1141 (1936), and again in Hughes v. Van Bruggen, supra:

"'To support an action for malicious criminal prosecution the plaintiff must prove, in the first place, the fact of prosecution, and that defendant was himself the prosecutor or that he instigated its commencement and that it finally terminated in his acquittal. * * * that the charge preferred against him was unfounded, and that it was made without reasonable or probable cause, and that the defendant in making or instigating it was actuated by malice.'"

Was defendant here the prosecutor? Did he instigate the issuance of the warrant? We again look to Hughes v. Van Bruggen, supra, where we find the following:

"'Instigate' means 'to stimulate or goad to an action, especially a bad action.' * * * One of its synonyms is 'abet.' State.v. Fraker, 148 Mo. 143, 49 S.W. 1017, 1022.

"The better rule is that even when initiating or participating in a criminal prosecution, the defendant, as informant, is required only to fairly disclose all the facts within his knowledge, and not all the facts which by the use of ordinary diligence should have been known to him. Williams v. Frey [182 Okl. 556, 78 P.2d 1052], supra."

■■ From the cases it is amply clear that to be held liable for having instigated a wrongful search with malice and without cause, there must be something more than merely stating the facts truthfully to an officer or attorney who thereupon directed certain steps be taken. Here, defendant laid the problems before the sheriff and then followed his directions. He did not "instigate" what followed— if anybody did, it was the sheriff.

■ We recognize the rule to be as stated in Hughes v. Van Bruggen and Delgado v. Rivera, supra, that malice may be inferred from an absence of probable cause. Also, it is an act intentionally done without legal provocation. Marchbanks v. Young, 47 N.M. 213, 139 P.2d 594 (1943). Whether or not "probable cause" is present is, in turn, a question of law to be resolved by the court. Marchbanks v. Young, supra.

■ Under the undisputed facts here present, where defendant acted on a telephone tip from an anonymous caller who

described articles stolen from defendant, and defendant then did nothing but pass the information to the sheriff, at whose suggestion he signed the affidavit for a search warrant for premises of plaintiff, a total stranger, can it be said that he acted with malice? It is our considered judgment that even if we assume an absence of probable cause a conclusion that he did would not be permitted to stand on appeal, as lacking support in the evidence. Compare Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853 (1955).

The foregoing discussion disposed of the issues presented with reference to the claim of maliciously having obtained the issuance of the search warrant. However, the pleadings in the case and the argument on appeal seek to establish a right to damages under the facts because of the claimed tortious invasion of plaintiff's privacy.

 Although not universally recognized, we have accepted invasion of privacy as a tort for which damages may be recovered. Blount v. T D Publishing Corporation, 77 N.M. 384, 423 P.2d 421 (1967); Hubbard v. Journal Publishing Co., 69 N.M. 473, 368 P.2d 147 (1962). The authorities would appear to uniformly hold, except where criticism of conduct of public officials, New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), or public figures, Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967), is involved, that liability attaches whether or not the invasion of the right of privacy resulted from malice. Annots., 14 A.L.R.2d 750, 758 (1950); 168 A.L.R. 446, 452 (1947); 138 A.L.R. 22, 47 (1942).

It would also appear that the conduct here complained of, under certain circumstances, has been considered actionable as an invasion of privacy giving rise to a right of action for damages. See Young v. Western & A.R. Co., 39 Ga.App. 761, 148 S.E. 414 (1929), where there was an intrusion by defendant's agents into plaintiff's home without a search warrant; Walker v. Whittle, 83 Ga.App. 445, 64

S.E.2d 87 (1951), being a case of entry of plaintiff's home to make an arrest of plaintiff's husband without a warrant; Sutherland v. Kroger Co., 144 W.Va. 673, 110 S.E.2d 716 (1959), involving search of a shopping bag without permission; Prosser, "Privacy," 48 Cal.L.Rev. 383, 389 (1960). All of these authorities recognize the right of action as being one wherein damages are recovered for the intentional intrusion on a person's privacy, and are directed primarily at compensating for mental injury, or injury to feelings resulting therefrom, whether or not there has been any physical contact or injury. Prosser, supra, at 392.

The difficulty with plaintiff's position in this regard arises out of the nature of the attack made on the judgment. He raises two points: first, he complains that in the trial, over objections, the court permitted testimony to the effect that there was a practice or custom whereby search warrants were signed in blank by justices of the peace, and filled in by the sheriff after an affidavit form was executed by a complainant; and, second, he attacks the instructions given and complains of the failure to give certain instructions as requested, because thereby the legal effect of a search without a valid warrant was not correctly stated to the jury.

Neither of the points argued here raise any question concerning the right to recover for invasion of privacy under the facts proved. As a matter of fact, the jury was instructed that if defendant proximately caused the search without probable cause, this would amount to an invasion of privacy for which plaintiff would be entitled to recover.

We proceed to consider the two points argued on the appeal. If the points made disclose errors in the trial which deprived plaintiff of a fair hearing on his complaint of invasion of privacy, he would be entitled to a reversal.

██ That custom or practice followed in violation of law can in no sense excuse such conduct would seem to be too clear

to require citation of authority. See Sanchez v. J. Barron Rice, Inc., 77 N.M. 717, 427 P.2d 240 (1967). We cannot imagine on what theory the testimony was admitted. However, since it was, the question we must determine is whether the cause must be reversed because of it, particularly in the light of the following instruction given by the court:

"17. Evidence of customary violation of law is not a justification or excuse for such violation. Merely because some of the persons involved in this lawsuit or because persons not involved in this lawsuit may have used improper search warrants in other cases is not a justification or excuse for the use of an improper search warrant in this case. You will disregard any statements in this case by any person about any custom or use of improper search warrants in any other case."

 Although we fully appreciate the argument that testimony once given cannot be erased from the minds of the jury, in our view it would make jury trials doubly hazardous if certain testimony, once admitted, could not be withdrawn by an instruction to this effect. It has long been the rule in this jurisdiction that unless it is clear that prejudice resulted because of evidence erroneously admitted, striking or instructing the jury to disregard it will cure the error and avoid reversal. Villareal v. Billings, 35 N.M. 267, 294 P. 1111 (1931); Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572 (1943). The instant point is overruled under authority of these cases.

What about the instructions? Plaintiff's first complaint is directed at the failure of the court to advise the jury, as follows:

"Although a search warrant may be regular on its face, once it is shown that it was not in fact issued on the basis of an affidavit on oath or affirmation made in the presence of the judge or justice of the peace, then the search warrant is a nullity and cannot be the basis of a lawful search."

The court did, however, advise the jury, as follows:

"7. * * * There is no authority in law for a search except upon a complaint made by some person in the presence of the judge or justice of the peace, which complaint must be upon oath or affirmation in the presence of the judge or justice of the peace."

 Although instruction 7 was stated in the affirmative rather than the negative, as was plaintiff's request, it essentially states the same rule. It advises the jury of what is required to obtain a lawful search warrant, and that one issued in any other manner is without "authority in law." We perceive of no real difference except of form between this and the substance of plaintiff's request. This being true, it was not reversible error to give instruction 7 rather than the one requested. Compare Gould v. Brown Construction Co., 75 N.M. 113, 401 P.2d 100 (1965); McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918, 89 A.L.R.2d 1154 (1961); Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047 (1951).

Plaintiff next complains of the court's refusal to give his requested instruction No. 10, which reads:

"There is no probable cause for the issuance of a search warrant, that is, no reasonable ground exists for the issuance of a search warrant if the complaining party has no knowledge of the purported commission of a crime except from an anonymous phone call or calls.

"The failure of a person who has received information tending to show the commission of a crime to make such further inquiry or investigation as an ordinarily prudent man would have made in the same circumstances, before instituting a proceeding, renders him liable for proceeding without probable cause."

 The total inapplicability of an instruction in the form requested is immediately apparent. There can be no ques-

**166**

tion that defendant had knowledge of the commission of a crime. He did not rely on any phone call for this knowledge. Neither can it be said that further investigation would have in any way added to his awareness that a crime had been committed. The requested instruction and authorities are addressed to defendant's knowledge that a crime had been committed, and whether he acted as a reasonable man to determine this fact. This was not the true issue in the case and, accordingly, it was not error to refuse the requested instruction. Davis v. Jones, 60 N.M. 470, 292 P.2d 773 (1956); Nelson v. Hill, 30 N.M. 288, 232 P. 526 (1924). Beyond this, the jury was instructed that defendant would be liable if he caused plaintiff's property to be searched "without probable cause" and they were told that "probable cause" was present if the complaining party had knowledge arising out of reasonably trustworthy information so as to cause a man of ordinary caution to believe that an offense had been committed. Once again, in our view, the requested instruction was stated in the negative and the one given covered the same situation, but in positive language. As was true of the previous complaint of failure to give a requested instruction, refusal to give a requested instruction in the form tendered is not error where another correct instruction on the same rule of law is in fact given. Gould v. Brown Construction Co., supra; Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1963); Bryan v. Phillips, 70 N.M. 1, 369 P.2d 37 (1962).

Plaintiff's last point is directed at the trial court's refusal to give the following instruction:

"You are instructed to return a verdict for the plaintiff, E. Edward Apodaca, and against the defendant, Clair Miller, for compensatory damages.

"This is because the purported search warrant was illegal as a matter of law and could not serve as a basis for the search that was made of Apodaca's premises, and Apodaca is therefore entitled to some compensatory damage as a matter of law."

It is, in effect, an instructed verdict in favor of plaintiff. While we recognize that the court is required to determine what constitutes probable cause, Bokum v. Elkins, 67 N.M. 324, 355 P.2d 137 (1960), the refused instruction goes far beyond this. It covers, in addition, the question of whether or not malice was present, and whether or not defendant instigated the issuance of the search warrant, both of which questions had to be determined before defendant could be held liable. In our discussion of plaintiff's first point we have concluded that no malice was shown and that accordingly defendant could not be held liable for malicious prosecution. A directed verdict in favor of defendant—not plaintiff—would have been proper on this phase of the case. As already noted, all the same elements, excepting only malice, had to be proven to establish liability for invasion of privacy. It was for the jury, under proper instructions, to determine if the facts as proved established a right in plaintiff to damages because of invasion of privacy or, to the contrary, a valid defense.

In determining if the jury should be given a directed verdict, the court must view the proof in a light most favorable to the party resisting the motion—here, the defendant—indulging every inference in support of that party's position, and ignoring conflicts unfavorable to him. Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1957). If when so considered it appears that reasonable minds may differ as to who should prevail under the applicable law, the case is not a proper one for directing a verdict, but is one properly to be submitted to the jury. Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966). Here it is apparent that fact questions requiring a jury determination were present and that the case was not a proper one in which to give the instruction requested.

It follows from all that has been said that the trial was free from reversible error and that the cause should be affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur