## Jones v. Herald Post Company.

(Decided June 21, 1929.)

JOSEPH J. HANCOCK for appellant.

BEN S. WASHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While walking with his wife, Lillian Jones, along Chestnut street in Louisville, Thomas Jones was assaulted by two men and stabbed to death. In its report of the tragedy the Herald Post of Louisville stated that "Mrs. Jones heroically attacked both men, striking them before they could flee," and in speaking of the occurrence she used the following language: "I would have

killed them. I tried. I fought with them. I struck the tall man, but they got away. A woman hasn't got a chance against brutes. But if I could have killed them I would have done so. I will revenge him some day.''

In connection with the story, there appeared on the front page of the newspaper a picture of the deceased and also a picture of Mrs. Jones.

Thereafter Mrs. Jones brought this suit against the Herald Post Company, the owner and publisher of the Herald Post. In the first paragraph she alleged that the Herald Post Company, through its agents, forcibly, maliciously, and without her consent, entered her premises, broke into her dresser and trunk, scattered the contents and carried away the photographs of herself and husband, and asked damages for the trespass. In the second paragraph she alleged that the photographs were published without her consent, in connection with a detailed statement giving an account and explanation of the murder, together with an incorrect and false statement claimed to be made by plaintiff. She further alleged that, by reason of said photographs being so published and used in connection with the murder, plaintiff was thereby subjected to ridicule and contempt, and that the publication was a violation of her right of privacy, to her damage in the sum of $2,000. Issue was joined on the first paragraph, and the demurrer was sustained to the second paragraph.

Thereafter plaintiff filed an amended petition, amending the second paragraph of her original petition. In this amendment she alleged that at the time of the publication she was living as the wife and housekeeper of her husband; that she did not at said time or at any time hold any public office of honor, trust, or profit under the United States government, state of Kentucky, city of Louisville, county of Jefferson, or any other state, municipal, or county government; that the publication of the pictures was so peculiarly offensive to her; that the statements made in the publication attributed to her were false and malicious; that she never made any such statements at said time or place, or at any other time or place; and that such publication was malicious, and tended to bring plaintiff in ridicule before the world, and especially her friends and acquaintances; and that said publication

was and is a trespass upon plaintiff's said right of privacy. A demurrer was then sustained to the second paragraph of the petition as amended, and that paragraph dismissed. In the same order the first paragraph of the petition was dismissed without prejudice on plaintiff's motion. Plaintiff appeals.

The right of privacy may be defined as the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity. In short, it is the right to be let alone. 21 R. C. L. 1197, 1198. There are times, however, when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion, and it is not an invasion of his right of privacy to publish his photograph with an account of such occurrence. Brents v. Morgan, 221 Ky. 763, 299 S. W. 967, 55 A. L. R. 964.

Here Mrs. Jones and her husband were on the streets of the city of Louisville. Her husband was stabbed in her presence. It is not denied that she heroically attacked and struck the men who made the assault. On the contrary, she admits that she went to the defense of her husband. Therefore she was an innocent actor in a great tragedy in which the public had a deep concern. We do not regard the language attributed to Mrs. Jones as sufficient to add anything to her cause of action. There was no intention to reflect on her. The account was intended to be complimentary. The language attributed to her was such as might have been used by any wife whose husband had been killed before her eyes. It would be going far afield to say that it was calculated to hold her up to contempt, hatred, scorn, or ridicule by her friends and acquaintances, or the public in general.

On the whole, we conclude that the publication of the photograph in connection with the language attributed to Mrs. Jones, even though she was incorrectly quoted, was not an invasion of her right of privacy. It follows that the demurrer to the second paragraph of the petition as amended was properly sustained.

Judgment affirmed.