**Roy SELLERS et al., Appellant,**

v.

**C. D. HENRY, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1959.

Damon A. Vaughn, Dixon, for appellant.

J. D. Ruark, Morganfield, King, Deep & Branaman, Henderson, for appellee.

CULLEN, Commissioner.

This action involves a claim for damages for an alleged invasion of the right of privacy. A summary judgment was entered dismissing the complaint, and the plaintiffs have appealed.

Roy Sellers and wife brought the action against C. D. Henry, alleging that the Sellers' young daughter was killed in an automobile accident, and that her head, face and body were mutilated and torn; that the defendant took photographs of the girl's body and "unlawfully, wrongfully, in-tentionally, wilfully and without right published a copy of said photograph which showed, depicted, disclosed, revealed, and exposed said infant's body in its deceased and mutilated condition by showing and exhibiting same to various persons in Union County, Kentucky." Damages in the amount of $10,000 were sought.

The defendant filed motion for summary judgment, accompanied by his affidavit, which recited that he was an officer of the State Police; that as part of his official duties he was required to investigate the accident in which the Sellers girl was killed, and to take photographs of the conditions; and that "it was in the public interest that they be taken and published." The only reference to *publication* in the defendant's affidavit was that just above quoted. The affidavit was accompanied by a photograph of the girl's body lying in the wrecked automobile, but the girl's face is so obscured in the photograph that it is questionable whether any one could identify the girl's body from the photograph alone.

No counter-affidavits were filed and the motion for summary judgment was submitted on the complaint and the defendant's affidavit.

The trial court found as facts that the defendant *took* the pictures in the line of his duties as a State Police officer, and that the deceased girl had become involved in an "occurrence of public and general interest." The conclusion of law was that the defendant "had the right to take and publish" the pictures.

A condition of the granting of a summary judgment, under CR 56.03, is that the pleadings, depositions, admissions, and affidavits show that "there is no genuine issue as to any material fact." It is our opinion that the complaint and affidavit do not negative the existence of a genuine issue as to at least two very material facts, one concerning the identification of the photographs, at the time of publication, as being of the body of the Sellers girl, and the other con-

cerning the nature and purpose of the publication.

There is nothing in the record to indicate that the photograph, when published, was identified as being of the Sellers girl, and as we have said above, the photograph itself does not seem to enable identification. In order for the plaintiffs to recover damages, it would be necessary that there be some identification by the persons to whom the photograph was shown. Branson v. Fawcett Publications, D.C., 124 F.Supp. 429; Waters v. Fleetwood, 212 Ga. 161, 91 S.E.2d 344.

Of course, if the defendant as a police officer had an unqualified *right* to publish the pictures, the question of identification would not be important. But we are not advised of any basis upon which it could be held that a police officer who has taken a picture in the line of his duties has an absolute and unqualified right to publish it without regard to purpose. It will be noted that in his affidavit in this case the defendant did not state that the publication of the photograph was in the line of his duty, but merely that "it was in the public interest" that it be published. There is nothing in the record to indicate in what manner or for what purpose the publication was made. The statement that the publication was in the public interest is nothing more than a conclusion.

■ It is true that an individual's right of privacy must in some instances yield to certain paramount rights of the public. *77* C.J.S. Right of Privacy § 3, p. 401. It has been held by this Court that a regular newspaper account of an occurrence of public and general interest does not constitute an actionable invasion of the right of privacy. Jones v. Herald Post Co., 230 Ky. 227, 18 S.W.2d 972. In Massachusetts, the court has held that a newspaper publication of a photograph of the mutilated body of a child killed in an automobile accident is not actionable. Kelley v. Post Publishing Co., 327 Mass. 275, 98 N.E.2d 286. The Georgia court has even gone so far as to

hold that sale of photographs of the body of a mutilated girl, by a newspaper, after publication of the photographs in the newspaper, did not given rise to a cause of action by the parents. Waters v. Fleetwood, 212 Ga. 161, 91 S.E.2d 344. On the other hand, a Federal Court of Appeals has held that the publication by a magazine of a photograph of an injured child, in connection with an article on traffic accidents and pedestrian carelessness, some months after a newspaper had carried the photograph with a news account of the accident in which the girl was injured, was actionable. Leverton v. Curtis Publishing Co., 3 Cir., 192 F.2d 974.

We think the question of whether the publication in the instant case was in the public interest, such as to excuse an invasion of privacy, must depend upon the nature and purpose of the publication. It is stated in the appellants' *brief* that the defendant exhibited the picture to the deceased girl's classmates in giving a safety lecture at the school she had attended. Since this does not appear in the record, the lower court could not have used it as a basis for a determination that the publication was in the public interest.

■ While the question of whether the publication of such a photograph as is here involved is in the public interest is one of law, it is a type of legal question the answer to which is peculiarly dependent upon factual details. As was said in Yonkers Contracting Co. v. Maine Turnpike Authority, D.C., 24 F.R.D. 205, 227, a summary judgment should not be granted "if the applicable law be so interwoven with factual shadings that, to its confident analysis, an inquiry into the facts is desirable."

■ Since the complaint and the defendant's affidavit, which are all the trial court had before it, did not establish the lack of a genuine issue as to any material fact, but on the contrary, left completely unanswered what seem to us to be the vitally material facts, the trial court erred in granting summary judgment. If upon fur-

ther proceedings the material facts are brought out, and it then develops that there is no genuine issue about those facts, it is possible that the case then could be disposed of upon a motion for summary judgment.

The judgment is reversed, for proceedings in conformity with this opinion.