368 P.2d 147

Dolores HUBBARD, a Minor, by and through her next friend and guardian, Ann Hubbard, Plaintiff-Appellant,

v.

JOURNAL PUBLISHING COMPANY, a Corporation, and Albuquerque Publishing Company, a Corporation, Defendant-Appellees.

No. 6965.

Supreme Court of New Mexico.

Jan. 17, 1962.

White, Rhodes & McCallister, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

COMPTON, Chief Justice.

This appeal questions the correctness of the ruling of the court in granting summary judgment in a tort action alleging invasion of the right of privacy.

Under date of July 15, 1960, appellees caused to be published, in the Albuquerque Journal, the following article:

"Richard Hubbard, 16, son of Mrs. Ann Hubbard, 532 Ponderosa NW, was charged with running away from home, also prior to date, several times endangered the physical and moral health of himself and others by sexually assaulting his younger sister. Court ordered a suspended sentence to the New Mexico Boys' Home on the condition he serve 60 days in the Juvenile Detention Home."

The decisive question is whether the article was privileged, if so, it would afford no basis for an action for damages. Hender-

**474**

son v. Dreyfus, 26 N.M. 541, 542, 191 P. 442.

The complaint alleges that appellant was the only sister of Richard Hubbard and that the article identified her as such; that the article was published without her consent, and, further that by reason of such publication, appellant had suffered extreme humiliation and mental distress; that it caused her to be regarded as unchaste, and that her prospects of marriage have been adversely affected thereby. Thereupon, appellees moved for summary judgment on the ground that appellant was entitled to no relief since there were no issues of material facts to be determined. Supporting the motion was an affidavit of the president of Albuquerque Publishing Company to the effect that the article published was taken from a copy furnished it by the Journal Publishing Company, also an affidavit of a reporter, an employee of the Journal Publishing Company, to the effect that he prepared the "daily record" for publication, in which the article appears, and that it was a verbatim copy of official records of the juvenile court filed in the office of the district clerk of Bernalillo County.

Section 13–8–66, 1953 Supp., being § 48, Ch. 205, L.1955, provides:

"The court shall make and keep records of all cases brought before it, and shall devise and cause to be printed such forms for social and legal records and such other papers as may be required. The court's official records, excluding all written reports of the probation officer and records kept in the probation office or in the juvenile attorney's office, shall be public records and open to inspection."

An article by Samuel D. Warren and Louis D. Brandeis, entitled "The Right of Privacy" published in 4 Harvard Law Review 193, evaluates the doctrine as follows:

"The right to privacy does not prohibit the communication of any matter, though in its nature private, when the publication is made under circumstances which would render it a privileged communication according to the law of slander and libel.

"Under this rule, the right to privacy is not invaded by any publication made in a court of justice, in legislative bodies, or the committees of those bodies; in municipal assemblies, or the committees of such assemblies, or practically by any communication made in any other public body, municipal or parochial, or in any body quasi public, like the large voluntary associations formed for almost every purpose of benevolence, business, or other general interest; and (at least in many jurisdictions) reports of any such proceedings would in some measure be accorded a like privilege."

Also, Prosser on Torts, 2d Ed., pages 623–624, reaches the same conclusion:

"Since it obviously is to the interest of the public that information be made available as to what takes place in public affairs, a qualified privilege is recognized under which a newspaper or anyone else may make such a report to the public. * * *

"An important field for the privilege is the reporting of any judicial proceeding, no matter how inferior the tribunal, and regardless of its jurisdiction over the particular matter."

Appellant makes the argument that the article went beyond the court order since neither the name nor the address of the mother, nor the age of the juvenile appears in the order of the court committing the juvenile, but this has no bearing; these facts were a part of the court records. Henderson v. Dreyfus, supra.

It is seriously contended by appellant that the article, though privileged, is privileged only if it is of legitimate public interest, that is, newsworthy. Under the facts of this case there is no basis for this contention. There can be no difference between reasonable men that the newspaper account here made the basis of the suit was accurate, newsworthy and exercised in a reasonable manner and for a proper purpose.

Appellant makes the further argument that since she was an involuntary partici-pant in the proceedings involving her brother, the privilege does not extend to her. We disagree. In this regard Dean Prosser, at page 413 of his article on Privacy, appearing in 48 Cal.L.R., had this to say:

"Caught up and entangled in this web of news and public interest are a great many people who have not sought publicity, but indeed, as in the case of the accused criminal, have tried assiduously to avoid it. They have nevertheless lost some part of their right of privacy. The misfortunes of the frantic woman whose husband is murdered before her eyes, or the innocent bystander who is caught in a raid on a cigar store and mistaken by the police for the proprietor, can be broadcast · to the world, and they have no remedy. * * *"

Compare Jones v. Herald Post Co. (1929), 230 Ky. 227, 18 S.W.2d 972; Schaffran v. Press Publishing Co., 258 N.Y. 207, 179 N.E. 387; Melvin v. Reid, 112 Cal.App. 285, 297 p. 91. Also see § 867, Restatement of Torts, comment c.

We conclude that the article was privileged. It follows therefore, that summary judgment was proper and should be affirmed.

It is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.