**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDREA GOOD,

     Plaintiff-Appellant,

v.

BIJAN KHOSROWSHAHI,
individually and in his capacity as
President of Fuji Fire and Marine
Insurance Company Ltd.; DAVID
BUNTING, individually and in his
capacity as attorney for the Rodey
Law Firm; RODEY LAW FIRM;
HAKODATE CITY HALL; TOYOMI
TAKIMOTO, individually and in his
capacity as attorney for the Asahi
Koma Law Firm; KENJI INOUE,
individually and in his capacity as
attorney for the Asahi Koma Law
Firm; ASAHI KOMA LAW FIRM;
NORIO SUGAWARA, individually
and in his capacity as attorney for
Fuji Fire and Marine Insurance
Company, Ltd; HAKODATE BAR
ASSOCIATION, (Hakodate Bengoshi
Kai),

     Defendants-Appellees.

No. 08-2061
(D.C. No. 1:08-CV-00059-LFG-LAM)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

(continued...)

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Andrea Good appeals from several orders leading to the dismissal of this action asserting federal and state claims for the allegedly improper disclosure of certain personal information during a prior lawsuit. We affirm.

Ms. Good filed the prior suit against several Japanese citizens and entities, invoking diversity jurisdiction in the federal district court in New Mexico. Some of these defendants moved to dismiss on the ground that she, like they, actually resided in Japan at all relevant times. In support of this motion their counsel, defendants David Bunting and the Rodey Law Firm here, submitted copies of Ms. Good's Japanese alien registration and family registration documents, which contained ages, birthdays, addresses, and marriage status information for her and her family. When these materials were posted on the public Pacer docket system, Ms. Good filed a motion in limine and complained of the disclosure of personal information, some of which should have been redacted under the court's privacy policy (now reflected in Fed. R. Civ. P. 5.2). The district court dismissed the suit without addressing this motion.

---

*(...continued)
ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Good then filed this action in state court alleging that the registration documents had been improperly acquired and publicly disclosed without legally required redaction, resulting in an actionable invasion of privacy. Defendant Hakodate City Hall, a "foreign state" as defined in 28 U.S.C. § 1603(a), removed the case to federal court under 28 U.S.C. § 1441(d), and the parties consented to disposition by a magistrate judge under 28 U.S.C. § 636(c)(1).

There are three groups of defendants: Hakodate City Hall, the government source for some of the offending material; the Asahi Koma Law Firm, Hakodate Bar Association, Bijan Khosrowshahi, Toyomi Takimoto, Kenji Inoue, and Norio Sugawara ("foreign defendants"), who were allegedly involved in or accountable for acquiring the material; and David Bunting and the Rodey Law Firm, who filed the material without redaction. The magistrate judge granted dismissal for each group on a distinct basis: the Foreign Sovereign Immunity Act (FSIA) barred suit against Hakodate City Hall; there was no personal jurisdiction over the foreign defendants; and the complaint failed to state a claim against Bunting and the Rodey Law Firm. Ms. Good challenges the latter two decisions.[1]

---

[1] She does not address the application of the FSIA to Hakodate City Hall and has thus waived the point. *See Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 724 (10th Cir. 2008); *Stein v. Disciplinary Bd.*, 520 F.3d 1183, 1189 (10th Cir. 2008). In any event, we agree with the magistrate judge that Hakodate City Hall's immunity under the FSIA was not waived when it exercised its right under § 1441(d) to remove the case from state to federal court. *See Rodriguez v. Transnave Inc.*, 8 F.3d 284, 288-89 (5th Cir. 1993).

**Personal Jurisdiction over Foreign Defendants**

We review a dismissal for lack of personal jurisdiction de novo, asking whether the plaintiff made a prima facie showing of facts that, if true, support jurisdiction over the defendants. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). We accept the plaintiff's allegations as true if uncontradicted by evidence from the defendants, and resolve evidentiary disputes in favor of jurisdiction. *Id.* But these favorable principles apply only to well-pled facts; conclusory assertions in pleadings or other materials will not suffice to establish jurisdiction. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

In diversity and civil rights cases, personal jurisdiction is ultimately a question of due process when, as here, the forum state has a long-arm statute with a reach coextensive with the Due Process Clause:

> In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. Because 42 U.S.C. § 1983 does not, by itself, confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed.R.Civ.P. 4(k)(1)(A) refers us to the New Mexico long-arm statute, which is coextensive with constitutional limitations imposed by the Due Process Clause. *See Tercero v. Roman Catholic Diocese*, 132 N.M. 312, 48 P.3d 50, 54 (N.M.2002). Thus, if jurisdiction is consistent with the Due Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant.

*Trujillo v. Willaims*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotation, citations, and footnote omitted)*; see also Melea,* 511 F.3d at 1065 (holding to same effect in diversity case). To satisfy due process, Ms. Good must show that the foreign defendants had "minimum contacts" with New Mexico sufficient to anticipate being haled into courts there and, if so, that the exercise of personal jurisdiction based on such contacts is consistent with "traditional notions of fair play and substantial justice." *Melea,* 511 F.3d at 1065-66 (quotations omitted). Here, as in *Melea*, "[w]e need only consider the first of these steps, as we conclude that [defendants] had insufficient contacts with [New Mexico] to permit the exercise of jurisdiction over [them] in that state." *Id.* at 1066.

There are two ways, one general and one specific, to demonstrate the requisite minimum contacts. "First, if a defendant has 'continuous and systematic general business contacts' with the forum state, it may be subjected to the general jurisdiction of the forum state's courts." *Id.* (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984)). "Second, even in the absence of 'continuous and systematic' contacts, a state's courts may exercise specific jurisdiction over a defendant that 'purposefully directed' its activities at the state's residents, if the cause of action arises out of those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The magistrate judge thoroughly considered the circumstances of each of the foreign defendants and concluded that minimum contacts for either general or specific jurisdiction did not exist. *See* R. Doc. 38 (Amended Memorandum Opinion and Order Granting Defendants' Motions to Dismiss for Lack of Personal Jurisdiction), at 8-24. Ms. Good takes issue with this analysis in only one particular respect, arguing that the magistrate judge erred by "applying a normal jurisdiction[al] analysis to this case," i.e., by "fail[ing] to consider [her allegation of] conspiracy" in assessing the foreign defendants' contacts with New Mexico. Aplt. Opening Br. at 19; *see id.* at 20 (noting magistrate judge "consider[ed] in fair detail the jurisdictional analysis," but arguing he failed to give "consideration to the jurisdictional arguments behind conspiracy").

"In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy." *Melea*, 511 F.3d at 1069 (quoting *Lolavar v. de Santibanes* 430 F.3d 221, 229 (4th Cir. 2005)). Ms. Good's pleadings clearly fail in this respect. She claimed that the foreign defendants were to blame in various ways for the release of her registration materials through improper means (misrepresentations by defendant Sugawara), R. Doc. 1, Ex. 1 at 3-4, 6, and that Bunting and the Rodey Law Firm were to blame for the unredacted manner in which the materials were filed in the prior case, *id.* at 4, 6, but nowhere did she allege that either was aware of the

-6-

alleged misconduct of the other—much less that they had a prior conspiratorial agreement as to such matters. The only factual allegations touching on concerted action had to do with a common understanding *among the foreign defendants* regarding the improper acquisition of the registration materials in Japan, *see id.* at 8, not between the foreign defendants and Bunting and the Rodey Law Firm regarding the latters' unredacted filing of the materials in New Mexico. As to any connection that could tie the foreign defendants to the alleged wrongful conduct of Bunting and the Rodey Law Firm in the forum state, we have only the bare conclusory allegation that "Defendants . . . conspired to violate Good's civil rights to due process." *Id.* at 7. That is a plainly inadequate basis on which to extend any personal jurisdiction existing over Bunting and the Rodey Law Firm to reach the foreign defendants.

As the magistrate judge explained at length, the foreign defendants do not reside, conduct business, own property, or have personal or professional interests in New Mexico. Nor does the retention of Bunting and the Rodey Law Firm as local counsel to defend against the prior suit that Ms. Good unilaterally chose to bring in New Mexico constitute purposeful contact by defendants with the forum. *Petrik v. Pub. Serv. Mut. Ins. Co.*, 879 F.2d 682, 683-84 (9th Cir. 1989); *cf. Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1076 (10th Cir. 1995) (rejecting suggestion that retaining counsel to consult on a transaction would establish minimum contacts with counsel's home forum). Aside from her unsubstantiated

conspiracy theory, Ms. Good does not assert any particular error in the magistrate judge's jurisdictional analysis and, under the circumstances, we shall not belabor the matter with further discussion of our own. It is not the province of this court to advocate on behalf of litigants (counseled or pro se) by attempting to construct for them potential arguments of either a legal or factual nature. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *SEC v. Thomas*, 965 F.2d 825, 826-27 (10th Cir. 1992).

### Claims against Bunting and Rodey Law Firm

The magistrate judge dismissed the case against Bunting and the Rodey Law Firm (in this section referred to as "defendants") for failure to state a claim. We review that decision de novo, applying the same standard as the magistrate judge. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). Thus, we affirm the dismissal if, viewing the well-pleaded factual allegations as true and in a light most favorable to the plaintiff, the complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Id.*

Ms. Good alleged that defendants violated her privacy by filing, without redaction on a publicly accessible electronic docket, her alien and family registration materials from Japan. The magistrate judge carefully analyzed the broadly framed complaint in terms of several possible claims: (1) a professional negligence claim; (2) a constitutional (civil rights) claim; (3) a cause of action for violation of the court's privacy policy, now set out in Rule 5.2; and (4) a common

-8-

law tort claim for invasion of privacy. The magistrate judge properly dismissed the first three claims for basic legal deficiencies that may be summarized briefly as follows: (1) under New Mexico law, attorneys owe a professional duty of care only to their clients and thus cannot be held liable for professional negligence to an adversary, *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 750 P.2d 118, 122 (N.M. 1988); (2) defendants were not state actors or acting under color of state law and thus cannot be liable for a civil rights violation under 42 U.S.C. § 1983, *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." (quotation omitted)); and (3) rules governing procedure in the federal courts do not give rise to private causes of action, *see Living Designs, Inc. v. E.I. DuPont De Nemours*, 431 F.3d 353, 372 (9th Cir. 2005); *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 452 (D. Del. 2007); *Rogers v. Furlow*, 729 F. Supp. 657, 660 (D. Minn. 1989).

The magistrate judge's dismissal of the privacy tort claim was justified on several bases. First, the tort concerns the publication of "intimate or private facts about the plaintiff, such as matters concerning [her] sexual life or health." *Moore v. Sun Publ'g Corp.*, 881 P.2d 735, 743 (N.M. App. 1994) (quotation omitted). The magistrate judge held that the information at issue here, involving birthdays, marriages, and addresses, is not "intimate or private," at least not on the order of

sexual or personal health matters. Ms. Good has not offered any argument or legal authority to call that judgment into question. Second, the publication of facts that have already been publicly disclosed is not actionable, *see McNutt v. New Mexico State Tribune Co.*, 538 P.2d 804, 808 (N.M. App. 1975), and the magistrate judge noted that nearly all of the information at issue here had been previously disclosed by Ms. Good herself. And, we would add, to the extent she relies on defendants' publication of the birthdays of her husband and children, which she had not previously disclosed, that is not a matter of which she has standing to complain. *See Gruschus v. Curtis Publ'g Co.*, 342 F.2d 775, 776 (10th Cir. 1965) (holding, under New Mexico law, that children could not sue for invasion of father's privacy because the cause of action does not extend to "one whose own privacy has not been invaded"). Lastly, New Mexico recognizes a privilege insulating from suit "any publication made in a court of justice," which encompasses court records. *Hubbard v. Journal Publ'g Co.*, 368 P.2d 147, 148 (N.M. App. 1962) (quotation omitted) (dismissing privacy claim based on newspaper's publication of information in court records). For any and all of these reasons, the magistrate judge properly dismissed Ms. Good's tort claim against defendants.

Finally, we note that Ms. Good objects to all of the dismissal orders here on the ground that opposing counsel did not first inquire whether she would concur in their motions to dismiss before filing them. A local rule governing general

motions practice directs movants to seek the concurrence of opposing parties before filing motions and states that a motion neglecting to recite that this has been done "may be summarily denied."  D.N.M.LR.7.4(a) (moved to D.N.M.LR 7.1(a) effective September 9, 2008).  The magistrate judge expressly declined to deny the motions on this basis, noting that it was obvious that Ms. Good would oppose defendants' motions seeking the dismissal of her case.  The Rule clearly affords the trial court discretion to overlook noncompliance, and we cannot say the magistrate judge abused that discretion here.  *See Amundsen v. Jones*, 533 F.3d 1192, 1197 (10th Cir. 2008) ("We review a district court's application of its local rules for an abuse of discretion.").

### Prejudicial Effect of Dismissal Orders

Ms. Good complains that the magistrate judge dismissed her claims against Bunting and the Rodey Law Firm with prejudice.  But that was the appropriate disposition of those claims, which were dismissed on the merits for legal defects that could not be cured by amendment.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001), and *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)).  Indeed, her only argument in this respect is a restatement of her position that she stated a viable claim against these defendants—which, of course, we have rejected for the reasons explained above.

In this vein, we consider it prudent to clarify for Ms. Good that while her claims against the other defendants failed for jurisdictional reasons and thus were properly dismissed without prejudice, *see Brereton*, 434 F.3d at 1218 (reaffirming this circuit's "longstanding line of cases requiring that a dismissal for lack of jurisdiction be without prejudice"), "even a dismissal without prejudice will have a preclusive effect *on the [dispositive jurisdictional] issue* in a future action," *id.* at 1218-19 (emphasis added).  That is, although the merits of her underlying claims were not resolved here, the judgment in this case precludes relitigation of the jurisdictional issues that have defeated her effort to prosecute those claims in federal court.  *Id.* at 1219.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge